Richard G. FENNER, Relator,

v.

Hans E. BROCKMOLLER, Judge, 120th District Court, et al., Respondents.

No. 5785.

Court of Civil Appeals of Texas.

El Paso.

May 18, 1966.

Woodward & Christie, Joe W. Christie, El Paso, Brigman, Martin & Smith, Donald L. Martin, Houston, for relator.

William Duncan, El Paso, for respondents.

## OPINION

CLAYTON, Justice.

This is an original proceeding in this court requesting Writ of Mandamus directed to the Judge of the District Court of El Paso County, Texas.

The original suit, from which this matter arose, is a damage suit arising out of an automobile collision in which one J. A. Hovel, Jr. was plaintiff in the court below and Richard G. Fenner, Relator here, was defendant. The matter was tried to a jury and submitted on special issues. The jury failed to answer Special Issues Nos. 1 and 3, inquiring whether the defendant failed to keep a proper lookout and failed to apply his brakes as a reasonable person would have, and the related questions, whether these failures were each a proximate cause of the collision, but in answer to the 5th and 6th special issues the jury found that the plaintiff failed to keep a proper lookout and that this was a proximate cause of the collision. Also, in answer to Question No. 7, that plaintiff drove his vehicle into the path of defendant's vehicle, but failed to answer Issues 8 and 9 that this act was negligent and a proximate cause of the collision, which left the verdict incomplete in these respects. The jury found that the collision was an "avoidable accident", and on the damage issue, that in place of damages, the jury found "no settlement".

No objection was made to the issues as submitted, nor were any other special issues requested by either side.

After the verdict was read and the jury discharged, defendant filed his motion for judgment on the verdict and plaintiff filed a motion for a mistrial. This action is to compel the trial court to enter judgment for defendant on the verdict.

As set out by Relator: "The sole question for this Court to determine is whether or not the trial judge, in refusing to enter and render a judgment in conformity with the verdict, failed to perform a ministerial duty. If there was such a failure then it is the settled law of this state that Mandamus will lie." It is, of course, Relator's contention that the entry of judgment was purely ministerial, while Respondent Judge Brockmoller contends that his actions involved the exercise of judicial discretion.

■ Before going into this matter, it is to be noted that J. A. Hovel, Jr., plaintiff in the court below, was not originally made a party to this application for mandamus. This failure was called to the attention of this court by the Respondent, Brockmoller, who, in his answer to the petition, asserted that this court was without jurisdiction to consider the matter since adverse parties in suits were necessary parties to a mandamus proceeding to compel the court below to set aside orders or to enter judgment, and the absence of such necessary parties is fatal to the action. We are cited to Lowe and Archer, Texas Practice, Injunctions and other Extraordinary Proceedings, where, in section 482 on page 470, this authority recites:

"All persons or entities whose rights will be adversely affected are necessary parties in mandamus proceedings instituted in either the trial or appellate courts * * *"

and

"* * * The absence of necessary parties is fatal to the cause of action, and judgments rendered without their joinder are fundamentally erroneous, and the courts may take cognizance of their absence at any state of the proceedings. Adverse parties in suits are necessary parties to mandamus proceedings * * * to set aside orders made therein; to render judgment; * * *" etc.

We have before us a motion on the part of Relator for leave to name the said Hovel an additional respondent and to file amended petition for mandamus, which motion has heretofore been placed with the case. The motion is now considered and is granted to the extent of naming the said J. A. Hovel, Jr. an additional party respondent in this cause, and otherwise the motion is overruled; but in view of the disposition we make of this case, and in order to avoid further delay, the said J. A. Hovel, Jr. is not compelled to file any response to the application in addition to that of Brockmoller.

 Considering the application on its merits, it is necessary to bear in mind certain recognized rules established in this state with regard to mandamus proceedings. As pointed out in Southwestern Bell Tel. Co. v. Shell, 266 S.W.2d 476, at page 478 (Tex.Civ. App., 1954, n. w. h.):

"The remedy by mandamus is summary, extraordinary, harsh and drastic, and when it is resorted to for the purpose of compelling a court to render a particular judgment when that court thinks no judgment should be rendered, its enforcement is attended by some delicacy. Accordingly, we believe that when there is any reason which could justify the action of the court in declaring a mistrial, a writ of mandamus requiring him to enter a judgment cannot be issued."

And further:

"While mandamus lies to compel a court to render judgment when the petitioner has an absolute right to such judgment, the petitioner has the burden of showing a clear right to such relief." (Citing cases)

And:

"Not only does the petitioner have the burden of proving all the facts necessary to entitle him to the writ of mandamus, but he must negative all defensive facts. 'The propriety of issuing the writ is

therefore not to be determined by the defense which the official may interpose, but by the allegation and proof of facts which show affirmatively and clearly that under the particular circumstances he is legally bound to perform the service. * * *'" (Citing cases)

Also:

"'* * * Manifestly one who seeks relief through this extraordinary proceeding must show himself entitled thereto under all applicable law, no matter where embodied.' Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 179. As to negativing defensive facts by pleadings, see Ridgway v. City of Fort Worth, Tex. Civ.App., 243 S.W. 740."

Also see Low and Archer, section 484 at page 474, 475:

"The plaintiff who seeks relief in a trial court, and the relator who seeks relief in an appellate court, must observe the following rules of pleading: First, the petition must not only demonstrate a clear right to the relief sought, a present and compelling necessity therefor, a clear duty on the part of the person or entity complained against, which he refuses to perform, but also must negative all defensive facts."

We feel that Relator herein has failed in several respects to meet these requirements. However, we find a further compelling reason to deny Relator's application for issuance of writ of mandamus. This court, in 1961, in Carnes v. Cunningham, 350 S.W.2d 59, at page 61 (Tex.Civ.App., 1961; n. w. h.), issued the following admonition:

"It is a general rule, and one recognized by Texas courts, that whenever the rendition of the judgment involves no judicial discretion, but is purely ministerial, the same may be compelled by mandamus. However, trial courts are vested with broad discretion relating to the control and disposition of their dockets, and the authority of appellate

courts to intervene and to order a judge to enter judgment on a jury verdict is exercised with this extensive discretion in mind."

And again, on page 62:

"It is true that Courts of Civil Appeals have authority to issue writs of mandamus to compel a district judge to enter a judgment where the undisputed facts support and require the rendition of the one judgment; or, where the jury has found all the facts in issue necessary to the rendition of such judgment. In such case, the rendition of judgment is purely ministerial, and may be compelled by mandamus. Art. V, sec. 6, Vernon's Ann. Tex.Const.

"The case before us does not involve a situation where the court has refused to act at all. Here, Relators filed their motion for judgment, and it was considered and acted upon by the court. A writ may issue to compel the exercise of discretion where there has been a refusal to act at all, but it will not be granted for the purpose of directing the exercise of discretion in any certain manner. McDowell v. Hightower, 111 Tex. 585, 242 S.W. 753; O'Meara et al. v. Moore, 142 Tex. 350, 178 S.W.2d 510.

"The burden is upon Relators to show a clear and absolute right to the judgment sought to be compelled by mandamus. Where no clear duty to enter a particular judgment is shown to exist, the entry of judgment involves the exercise of judicial discretion and does not call for the performance of a purely ministerial act."

Also, in 37 Tex.Jur.2d 681, sec. 48:

"Where the jury has failed to answer material issues, the court may not compel the entry of judgment on a special verdict, nor will mandamus direct the entry of judgment on a verdict that is so incomplete as to warrant the declaring of a mistrial."

See also Firestone v. Hall, 143 S.W.2d 797, 800 (Tex.Civ.App., 1940; n. w. h.): "* * * generally mandamus is not the proper remedy with which to correct or reverse erroneous rulings or judgments of an inferior tribunal, although in certain cases it may issue to compel an inferior court or judge to vacate or set aside a void order or judgment." And in First Nat. Bank v. Chapman, 255 S.W. 807, 809 (Tex.Civ.App., 1923; n. w. h.): "It is also a familiar rule that a writ of mandamus cannot be resorted to as a substitute for an appeal or writ of error. * * * It is also well settled that the process of mandamus must be founded upon a clear legal right in the relator; otherwise it will not lie." (Citing cases).

We feel that the foregoing authorities are controlling in this case and that the trial court, in refusing to enter judgment for the Relator and in granting a motion to declare a mistrial, was in the exercise of discretion and therefore is not subject to compulsion under writ of mandamus.

The application of Relator is therefore denied.