United States Court of Appeals,

Fifth Circuit.

No. 92–1419

Summary Calendar.

Richard JACKSON, Plaintiff–Appellant,

v.

David SPEER, Defendant–Appellee.

Oct. 14, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

BACKGROUND

Jackson sued Speer on May 1, 1991 alleging, among other things, that Speer fraudulently induced him into investing in a piece of property in Montana. Speer filed a motion for summary judgment alleging Jackson's actions were barred by the applicable four year statute of limitations. In response, Jackson asserted that section 16.063 of the Texas Civil Practice and Remedies Code, (the "Tolling Statute") applies to this case and suspended the running of the statute of limitations while Speer was absent from Texas. The testimony presented at the hearing on motion for summary judgment showed the following facts:

1. In the fall of 1982, Speer, who was then a resident of Montana and has remained a resident of Montana ever since, came to Dallas, Texas, to discuss with Jackson and other individuals the possible purchase of a tract of land which Speer owned in Montana and/or the investment in a corporation which Speer proposed to form to purchase such land. During the course of a single meeting in the fall of 1982, Speer made certain representations which Jackson contends were false.

2. After the meeting in Dallas, Speer returned to Montana and remained there at all times pertinent to this law suit.

3. Jackson moved to Montana in the early part of 1983 and lived there for more than two years. During the time Jackson was in Montana, he and Speer formed "Powderhorn Development Corporation" ("Powderhorn"), a Montana corporation; and in September 1983, Powderhorn entered into a contract to purchase from Speer the tract of land in Montana which had been

the subject of the discussions in Dallas in the fall of 1982. At the time of the formation of Powderhorn, Jackson invested $3,000 in the corporation; at the time of the Contract for Deed, Jackson invested $39,000 in the corporation; and in early April, 1984, Jackson invested another $7,000 in the corporation.

4. In August, 1985, Jackson, who was then living in Montana, sent a letter to Speer which included the following paragraph referring to the Powderhorn property:

> "David, as you know, you told us a number of things about this property before we bought it that simply were not true. As a result we have had trouble generating any revenue from it, and thus the default. I have said nothing until now, but if you follow through with this default, we are going to court to rescind the sale and to sue for damages."

5. In May, 1986, Jackson, who was then living back in Dallas, Texas, wrote a letter to Speer which included the following paragraph referring to the Powderhorn property:

> "If I don't receive a satisfactory response within the time stated, I will file a suit to have all of the questions and problems between us resolved by the court, along with the questions of the initial statements made by you to all shareholders to induce us to buy this stock, as we have discussed before."

The District Court declined to apply the Tolling Statute and granted Speer's motion for summary judgment. Jackson filed a motion for new trial which the District Court overruled. Jackson appealed the District Court's granting of summary judgment and denial of new trial solely on the ground of error in refusing to apply the Tolling Statute.

OPINION

The Tolling Statute reads as follows:

> "The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."

Tex.Civ.Prac. & Rem.Code Ann. § 16.063 (Vernon 1986)[1]. The general rule regarding the

---

[1]Formerly Texas Revised Civil Statutes Annotated article 5537 (Vernon 1986), which read as follows:

**Art. 5537. Temporary absence**

If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State

applicability of the Tolling Statute is that it does not apply to nonresident defendants. *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876, 879 (1962); *Snoddy v. Cage,* 5 Tex. 106 (1849). This rule is subject to two exceptions. First, the tolling provision applies to nonresident defendants who were present in the state when they executed a promissory note or otherwise contracted a debt. *Ayres v. Henderson,* 9 Tex. 539 (1853). The court in *Ayres* announced this exception based on the legislative purpose behind the provision of protecting domestic creditors from individuals who entered Texas, contracted a debt, and departed the state only to subsequently default on the debt. *Ayres,* 9 Tex. at 541–2. Courts have continued to recognize the existence of this exception throughout the life of the Tolling Statute. *Wilson & Co. v. Daggett,* 88 Tex. 375, 31 S.W. 618 (1895) (exception expressed in terms of a nonresident's presence when the debt was created, citing *Ayres* ); *Stone v. Phillips,* 142 Tex. 216, 176 S.W.2d 932, 933 (1944) (exception expressed in terms of a nonresident's presence when the debt was incurred, citing *Wilson* ); *Gibson v. Nadel,* 164 F.2d 970, 971 (5th Cir.1947) (exception expressed in terms of a nonresident's presence when the obligation forming the basis of the suit was incurred, citing *Stone* ); *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876, 879 (1962) (exception expressed in terms of a nonresident's presence when the cause of action had its inception, citing *Nadel* ).

Secondly, the tolling provision applies to nonresident defendants who were present in the state when the cause of action accrued. *Huff v. Crawford,* 88 Tex. 368, 31 S.W. 614 (1895). As in the case of the first exception, courts have continued to recognize the existence of the second exception. *Wilson,* 31 S.W. 618; *Alley v. Bessemer Gas Co.,* 262 F. 94 (5th Cir.1919); *Stone,* 176 S.W.2d at 933; *Wise,* 359 S.W.2d at 879. It is this second exception which could be applicable to

---

and the time of such person's absence shall not be accounted or taken as a part of the time limit by any provision of this title.

**Act Feb. 5, 1841; G.L. vol. 2, p. 627.**

The adoption of the Texas Civil Practice and Remedies Code in 1985, which uses the current language, was expressly not intended to effect any substantive change in the interpretation of the Tolling Statute.

the facts of this case.

Generally a cause of action accrues when facts come into existence which authorize a claimant to seek a judicial remedy. *Linkenhoger v. American Fidelity & Casualty Co. Inc.,* 152 Tex. 534, 260 S.W.2d 884, 886 (1953); *Rose v. Baker & Botts,* 816 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1991, writ denied). " "It involves both the existence of the right and facts sufficient to constitute a cause of action.' " *Linkenhoger,* 260 S.W.2d at 886. The elements of a fraud cause of action are: 1) a material misrepresentation was made; 2) it was false; 3) the speaker knew it was false when made; 4) the representation was made that it should be acted upon by the other party; 5) the other party acted in reliance on it; and 6) the other party suffered injury. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983). No fraud has been perpetrated until the claimant has acted in reliance upon false representations. *Linkenhoger,* 260 S.W.2d at 886.

Actions for fraud must be commenced within four years after the fraud is perpetrated. *Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990). If, however, the injured party is not aware of the fraud or the fraud is concealed, the statute of limitations begins to run from the time the fraud is discovered or could have been discovered by the defrauded party's exercise of reasonable diligence. *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438, 440 (1940). Knowledge of facts that would lead a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is knowledge of the fraud itself. *Wise,* 359 S.W.2d at 879.

Assuming Jackson's allegations of misrepresentations in 1982 are true, Jackson's cause of action for fraud accrued in 1983 or 1984 when he relied upon Speer's misrepresentations and became an investor in the corporation which purchased the Montana property. In either event, Jackson's reliance took place well in excess of four years before Jackson filed suit.

Furthermore, the summary judgment evidence clearly shows that Jackson knew or had

knowledge of facts that would lead a reasonably prudent person to make inquiry which would have lead to his discovery of the fraud more than four years before Jackson filed suit. Indeed, Jackson's correspondence to Speer shows that Jackson was aware of Speer's alleged misrepresentations as early as August 23, 1985.

Finally, the tolling provision of section 16.063 does not apply in this instance because Speer is not a resident of Texas and was not present within Texas when Jackson's alleged fraud cause of action accrued. Jackson's cause of action accrued when Jackson relied on Speer's alleged misrepresentations and invested in the Montana property. When this reliance occurred, Speer was not present in Texas; and it is his whereabouts at the time Jackson relied on the alleged misrepresentation that is material. Since Speer had already returned to Montana and was no longer present in Texas at this time, the Tolling Statute is inapplicable.

We affirm the judgment of the District Court.