**INTERMED LABORATORIES, INC., Plaintiff,**

v.

**PERBADANAN GETA FELDA, et al., Defendants.**

No. 1:93–CV 0515.

United States District Court,
E.D. Texas,
Beaumont Division.

April 27, 1995.

**418**

Paul W. Gertz, Germer & Gertz, Beaumont, TX, for plaintiff.

Bruce A. Rokohl, Adams Adams & Rokohl, Houston, TX, for defendants.

COBB, District Judge.

## BACKGROUND

Plaintiff, Intermed Laboratories, Inc. (Intermed), is a Texas corporation. Defendant, Perbadanan Geta Felda (Felda), is a Malaysian corporation. Felda does not have offices in Texas, nor does Felda maintain an agent in Texas for the service of process. Felda employs as its marketing agents MRY corporation (MRY) [1], MRY's general director, Mohan Ramalingam (Mohan) [2], and Premier Medical Industries, Inc. (Premier) [3] (collectively, the Agents). None of the Agents maintain offices, or an agent for the service of process, in Texas. Mohan, however, traveled to Texas to negotiate the terms of the Felda–Intermed contract (the Contract) and engaged in an extensive correspondence with Intermed during the months before this suit commenced.

Felda agreed to sell and Intermed contracted to buy 2.2 million latex gloves. The parties, not surprisingly, hold differing opinions as to the specific terms of the Contract. Intermed contends that Felda was well aware the contract required the gloves (which were manufactured in Malaysia) reach the Port of Houston no later then August 1, 1993. Felda contends that no exact delivery date was ever mention during the negotiations, let alone made part of the contract. Additionally, Felda maintains Intermed was informed that before the gloves could be shipped, a letter of credit would have to be

---

1. MRY is a Malaysian corporation.

2. Mohan is a citizen of Malaysia and resides in that country.

3. Premier is an Illinois corporation and does not appear to be licensed to conduct business in Texas.

issued for the balance of the contract amount. Felda asserts Intermed failed to timely secure the letter of credit and this was a breach of a material term of the contract.

It appears that neither the issuance of the letter of credit nor the delivery of the gloves occurred in a timely manner.

Intermed filed suit in state court for breach of contract. Felda removed the case to this court pursuant to Title 28 U.S.C. § 1441(a). Intermed amended its complaint to add as defendants Felda's marketing agents MRY, Mohan, and Premier. Intermed's amendment included additional causes of action; namely, fraud, civil conspiracy and tortious interference with contract. Felda filed a counterclaim that mirrors the claims alleged in Intermed's revised complaint.

In response to Intermed's amended complaint, MRY, Mohan and Premier filed a Motion to Dismiss for Lack of Personal Jurisdiction. They claim (1) no minimum contacts with the state of Texas; (2) even if their actions constitute minimum contacts, "traditional notions of fair play and substantial justice" require that this court decline to exercise personal jurisdiction; and (3) their actions fail to provide a basis for personal jurisdiction as they were acting in their capacity as agents for Intermed at all relevant times.

## ANALYSIS

### I.

■ When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing this court's jurisdiction over the nonresident defendants. *Stuart v. Spademan,* 772 F.2d 1185, 1191 (5th Cir.1985). When the question of federal jurisdiction is to be decided on the basis of parties affidavits, however, the plaintiff need only present a *prima facie* case for personal

jurisdiction; the standard is not preponderance of the evidence. *D.J. Investments v. Metzeler Motorcycle Tire,* 754 F.2d 542, 545 (5th Cir.1985). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties affidavits must be resolved in favor of the plaintiff. *D.J. Investments,* 754 F.2d at 546.

### II.

■ In a diversity action, the personal jurisdiction question usually turns on a dual inquiry. The court first asks whether the nonresident is amenable to service of process under the law of the forum state. *Spademan,* 772 F.2d at 1189. If the answer is in the affirmative, the court then determines whether the exercise of personal jurisdiction under state law comports with the due process clause of the Fourteenth Amendment.[4] *Spademan,* 772 F.2d at 1189. Since the Texas long-arm statute[5] has been interpreted to extend to the limits of due process, a court need only determine whether the assertion of jurisdiction over the nonresident defendant comports with due process. *Spademan,* 772 F.2d at 1189; *Guardian Royal Exchange Assurances, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991).

The court would conduct the analysis set out above if *Intermed* was contesting this court's ability to assert personal jurisdiction; this is not the case. Intermed does not dispute this court's jurisdiction. It is the Agents who contend that this court lacks personal jurisdiction.

■ When a plaintiff seeks to invoke the court's jurisdiction over the officers or agents of a corporation, the court should make threshold inquiries prior to advancing to the minimum contacts/due process test outlined in *Spademan.* The court should first examine whether actions of the corporate agents or officers can be employed to assert juris-

---

**4.** The due process inquiry has two parts: (1) the nonresident must have some minimum contact with the forum which results from an affirmative act on his part; and (2) requiring the nonresident to defend the suit in the forum state must comport with "traditional notions of fair play and substantial justice." *See Burger King Corp.*

*v. Rudzewicz,* 471 U.S. 462, 473–77, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985).

**5.** Tex.Civ.Prac. & Rem.Code § 17.042 (Vernon 1986).

diction over them; if their actions are not solely attributable to the corporation, the court should then determine if the quality of the activity warrants assertion of personal jurisdiction.

## III.

 The general rule is that jurisdiction over an individual cannot be predicated on jurisdiction over a corporation; the fiduciary-shield which cloaks corporate agents and officers usually prevents a court from attributing actions made on behalf of the corporation to the agents or officers who performed them. *Spademan*, 772 F.2d at 1197; *Ten Mile Indus. Park v. Western Plains Serv.*, 810 F.2d 1518, 1527 (10th Cir.1987); 4 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1069 (1987). Courts have, however, recognized an exception to this rule when the corporation is the alter ego of the agent or when the agent perpetrates a fraud. *Spademan*, 772 F.2d at 1198 n. 12 (*citing Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir.1981)).

 In the case *sub judice*, Intermed alleges that, at the time the contract was formed, both Felda and Mohan were aware that they would not be able to perform as promised. In other words, they committed actionable fraud. Intermed has provided the court with records which document the correspondence between Intermed and Mohan concerning the Contract. In addition, Mohan does not deny that he travelled to Texas to negotiate the essential terms of the contract. The documents supplied by Intermed coupled with the uncontroverted allegation that Mohan travelled to Texas to initiate negotiations establish that Mohan and MRY were active participants in the creation of the disputed contract. Accordingly, it is *possible* that Mohan was an active participant in the alleged fraud. There is no evidence or undisputed allegation which supports a similar finding as to Premier. There is nothing

which would establish a prima facie case for fraud against Premier. since Premier does not appear to have been involved in the negotiation of the contract. If Premier was not involved until after the contract was entered into, it could not have made fraudulent representations that were contemporaneous with, or preceded, the creation of the contract.[6]

Since there is nothing to support this court's assertion of personal jurisdiction over Premier, it will be dismissed from this action.

 As noted above, Mohan and MRY do not benefit from the fiduciary-shield doctrine. Intermed has alleged fraud with sufficient particularity to overcome the low threshold required for this court to examine whether the quality of their contacts with this forum support exercising personal jurisdiction over them.

This circuit has long held that when officers or agents direct purposeful, tortious activity towards a particular forum, they should anticipate being haled into court in that forum. *D.J. Investments*, 754 F.2d at 547 (defendant corporate officer accused of fraud had sufficient contacts as he engaged in correspondence with defendant's forum, phoned defendant, and visited forum to negotiate); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 333–34 (5th Cir.1982) (single defamatory phone call sufficient to create personal jurisdiction); *Union Carbide Corp. v. UGI Corp.*, 731 F.2d 1186, 1189–90 (5th Cir.1984) (out-of-state acts giving rise to tortious injury in forum state enough to warrant personal jurisdiction). Mohan and MRY are accuse of purposefully committing acts which were directed at this forum and which, if true, amount to fraud. If Mohan and MRY actually committed this tort they cannot be surprised when they are haled into court in this forum. Accordingly, this court does not run afoul of Due Process concerns by exercising personal jurisdiction over Mohan and MRY.

---

6. Under Texas law, the elements of fraud are: (1) a material misrepresentation was made; (2) it was false; (3) the speaker knew it was false when made; (4) the representation was made that it should be acted upon by the other party; (5) the other party acted in reliance; and (6) the other party suffered injury. *Jackson v. Speer*, 974 F.2d

676, 679 (5th Cir.1992). There is no evidence, or even an allegation, to support a finding that Premier participated in the negotiation of the Contract. As a result, there is nothing to indicate that Premier made *any* representations, let alone material, misleading ones.

The Agents rely heavily on *Spademan*. *Spademan* involved a simple breach of contract. *Spademan*, 772 F.2d at 1189. In *Spademan*, it was not alleged that the corporate officer (the defendant) committed a *tort* in the forum asserting personal jurisdiction. Accordingly, *Spademan* is not controlling.

## ORDER

Before the court is the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. After considering the Motion, this Court is of the opinion that the Motion should be GRANTED as to Premier Medical Industries, Inc. and DENIED as to Mohan Ramalingam and MRY Associates. Accordingly, it is therefore

ORDERED that Premier Medical Industries be DISMISSED from this action; It is further

ORDERED that the Motion to Dismiss for Lack of Personal Jurisdiction of Mohan Ramalingam and MRY Associates is DENIED.