**Steven B. WYATT, Appellant**

v.

**Bobby R. LOWRANCE, M.D. and Leo J. Borrell, M.D., Appellees.**

**No. B14–93–01001–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 13, 1995.

Rehearing Overruled June 8, 1995.

Terry B. Joseph, Montgomery, for appellant.

William A. Gage, Jr., Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

Stephen Wyatt (Wyatt) appeals a judgment rendered in favor of Bobby R. Lowrance (Lowrance) and Leo J. Borrell (Borrell) in the amount of $138,126.24. Wyatt brings four points of error alleging the action was barred by the statute of limitations. We affirm.

Lowrance, Borrell, Wyatt, Samuel Simkin, M.D. (Simkin), and Simkin & Masters Co., Inc. (Simkin & Masters) formed a general partnership, Westchase/Richmond Partnership. The partnership executed three bank notes, on which the partnership later defaulted. The lenders pursued the individual partners in order to fulfill the obligations. Simkin had his obligation discharged in bankruptcy and Simkin & Masters lost its corporate charter. Wyatt left Texas and moved to London in January 1986. As a result, Lowrance and Borrell fulfilled the obligations by paying the amounts due. Each of the banks assigned their interests to Lowrance and Borrell.

Lowrance and Borrell filed suit against Wyatt in March 1988 to collect his contributive share of the indebtedness. They made several attempts to serve Wyatt with regular and substituted service. Because Wyatt was out of the country, all attempts were unsuccessful. Lowrance and Borrell finally located Wyatt through the media and successfully served him on May 26, 1992. Wyatt contended, in a trial to the court, the action was barred by the statute of limitations. The district court determined that the statute of limitations had been tolled and entered judgment in favor of Lowrance and Borrell for $138,126.24. Wyatt poses four points of error.

1. Wyatt moved to London in 1986. He testified that he did not intend to return to Texas or be a resident of Texas after his move.

2. Section 5537 read:

In his first two points of error, Wyatt contends this was a contribution action and the causes of action for each note accrued as the obligations were paid, between November 1986 and May 1987. He argues that because he was not served until May 26, 1992, the action was barred by the four year statute of limitations. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986).

In support of his argument, Wyatt relies on *Nelms v. Chazanow*, 404 S.W.2d 359 (Tex. Civ.App.—Houston 1966, no writ). In *Nelms*, the court held that when a joint obligor makes a payment in excess of his pro rata share, he has a right of action against the other joint obligor for reimbursement. The court also indicated that the statute of limitations starts to run when the right of action is originated. *Id.* at 362. Wyatt concludes that the action is barred by the statute of limitations because more than four years has passed since the joint obligation was paid.

Lowrance and Borrell argue that § 16.063 of the Civil Practice & Remedies Code should apply. Section 16.063 states "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." TEX.CIV.PRAC. & REM.CODE ANN. § 16.063 (Vernon 1986). Wyatt argues that § 16.063 does not apply to him because he was in London when the debts were paid. He contends that a nonresident[1] must be physically present at the time the cause of action accrues in order for § 16.063 to apply. He claims that because he was not a resident when the cause of action accrued, § 16.063 is inapplicable.

A literal reading of § 16.063 would suspend the statute of limitations regardless of the timing of the person's departure or the person's residency. However, § 16.063 was intended to be only a recodification of its predecessor, article 5537[2] of the Revised

If any person against whom there shall be a cause of action shall be without the limits of this state at the time of the accruing of such cause of action, or at any time during which the same *might have been maintained,* the per-

Civil Statutes. *See* Acts 1985, 69th Leg., ch. 959, § 1. Thus, cases decided under article 5537 are instructive.

■ As a general rule, the article 5537 or § 16.063 tolling provision does not apply to nonresidents. *Wise v. Anderson,* 163 Tex. 608, 611, 359 S.W.2d 876, 879 (1962); *Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 343, 114 S.W.2d 226, 233 (1938). *See also Jackson v. Speer,* 974 F.2d 676 (5th Cir.1992). One exception to this general rule is that the tolling provision applies to a nonresident who was present in Texas when the obligation arose. *Stone v. Phillips,* 142 Tex. 216, 219–20, 176 S.W.2d 932, 933 (1944); *Wilson & Co. v. Daggett,* 88 Tex. 375, 377, 31 S.W. 618, 619 (1895); *Ayres v. Henderson,* 9 Tex. 539 (1853); *Jackson v. Speer,* 974 F.2d 676, 679 (5th Cir.1992). In *Stone,* the supreme court reasoned:

> if he is actually in the State or is domiciled here at the time the obligation arises, the running of limitation is suspended during his subsequent absence, even though he is not actually in the State at the date when the cause of action becomes a present, enforceable demand in the sense that the obligation has matured for suit.

*Stone,* 142 Tex. at 220, 176 S.W.2d at 934. Accordingly, despite appellant's contention that a nonresident must be present when the cause of action actually accrued, § 16.063 tolls the statute of limitations if the nonresident was present in Texas at all times pertinent to the litigation. *Los Angeles Airways, Inc. v. Lummis,* 603 S.W.2d 246, 248 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) *cert. denied,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982) (citing *Stone v. Phillips,* 142 Tex. 216, 176 S.W.2d 932 (1944)).

Appellant agreed to be a general partner of the Richmond/Westchase Partnership. The partnership agreement gave the partnership the power to borrow money for partnership purposes. Once Wyatt signed the agreement, he agreed to be bound by its terms. The record reflects that Wyatt was a resident of Texas and physically in Texas when he entered the partnership. Like the domiciliary in *Stone,* Wyatt incurred the obligation while he was a resident of Texas and left before the cause of action matured into a present enforceable demand.

■ Section 16.063 is intended to protect domestic creditors from individuals who enter Texas, contract a debt, and depart from the state and default on the debt. *See Harris v. Columbia Broadcasting Sys.,* 405 S.W.2d 613, 617 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.); *Ayres v. Henderson,* 9 Tex. 539, 541–42 (1853). *See also, Jackson v. Speer,* 974 F.2d 676, 678 (5th Cir.1992). By contracting the obligation, and leaving before the debt could be collected, Wyatt falls squarely within the purpose of the statute. We hold that § 16.063 tolled the statute of limitations.

■ Texas courts have long held that once § 16.063 applies, the time during a person's absence from the state will not be included in the period of limitations. *Loomis v. Skillerns–Loomis Plaza, Inc.,* 593 S.W.2d 409, 410 (Tex.App.—Dallas 1980, writ ref'd n.r.e.). *See* TEX.REV.CIV.STAT.ANN. art. 5537 (Vernon 1958).[3] The trial court found that Wyatt's cumulative time within Texas from the time he left, January 1986, until he was served, May 1992, was less than one year. The applicable statute of limitations is four years. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986). Accordingly, the action was brought and Wyatt was served within the limitations period. Wyatt's points of error one and two are overruled.

Wyatt's points of error three and four contest Lowrance and Borrell's diligence in serving him with citation. *See Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826 (Tex.1990); *Cooke v. Maxam Tool and Supply, Inc.,* 854 S.W.2d 136 (Tex.App.—Hous-

---

son entitled to sue on such an action shall be at liberty to bring the suit against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title.

TEX.REV.CIV.STAT.ANN. art. 5537 (Vernon 1958) (italics added).

3. *Repealed by* Acts 1985, 69th Leg., ch. 959, § 1 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 16.064 (Vernon 1986)).

ton [14th Dist.] 1993, writ denied). Because we determined in his first two points of error that suit was filed and Wyatt was served within the limitations period, we do not need to address his third and fourth points of error. The judgment of the trial court is affirmed.