**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 99-20043

(Summary Calendar)

————————————

HERBERT C. OAKES,

Plaintiff,

versus

HORIZON FINANCIAL CORPORATION; MICHAEL HACKNEY,
as President and/or agent of Horizon Federal Corporation and as a
private individual,

Defendants.

-------------------------------------------------------------------------------------

MICHAEL D. HACKNEY, Individually,

Defendant-Appellee,

versus

BETTY O. MUKA

Appellant.

Appeals from the United States District Court
For the Southern District of Texas
(H-83-CV-2302)
March 31, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

———————————

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Betty O. Muka appeals from a district court's determination that, under Texas law, a 1985 judgment had become dormant and was incapable of being revived. We affirm.

In 1985, Herbert Oakes sued Horizon Financial Company and Michael Hackney, claiming breach of contract, fraud, and breach of fiduciary duties. After a jury trial, on April 11, 1985, judgment for Oakes was rendered for $36,837, including costs and post-judgment interest. We affirmed the judgment on December 1, 1986.

While appeal of the judgment was pending, Oakes attempted to register the judgment in the United States District Courts for the Middle and Southern Districts of Florida, the state of which Hackney was, and currently is, a resident. Because registration of a judgment during the pendency of an appeal is inappropriate unless "good cause" is shown,[1] the registration of the judgment and writs of execution were vacated in early 1986.

No further action to enforce the judgment was taken until January 15, 1995, when Oakes

---

[1]    28 U.S.C. § 1963 provides that:

> A judgment in an action for the recovery of money or property entered in any district court . . . may be registered by filing a certified copy of such judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

*See also Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 36, 371-72 (7th Cir. 1991) ("The judgment in this case is on appeal, making registration possible only when ordered by the court that entered the judgment for good cause shown.").

assigned any and all of his rights in the 1985 judgment to his sister, Betty Muka. Shortly thereafter, Muka registered the judgment in Harris County, Texas, but no writs of execution were ever issued in Texas. In January, 1998, Muka again registered the 1985 Texas judgment in Florida state and federal courts. The Florida state court dismissed the registration as untimely, and the federal district court dismissed the enforcement proceedings under 28 U.S.C. § 1963.

Finally, on November 3, 1998, Muka filed the present suit in the district court. The court held that the 1985 judgment was dormant under Texas law and that, as a result, it was without power to issue a writ of execution. Further, the court held that the statute of limitations on suits to revive dormant judgments had passed, and refused to revive the dormant 1985 judgment. Muka appeals.

First, we agree with the district court that the 1985 judgment had become dormant before Muka filed the instant suit. TEX. CIV. PRAC. & REM. CODE § 34.001 provides:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

> (b) If a writ of execution is issued within 10 years after rendition of a judgment, but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

Muka argues that because she obtained two writs of execution in 1986, one from a Florida state court and one from a federal district court in Florida, the judgment can never become dormant. Under Muka's interpretation of § 34.001(b), as long as a second writ of execution is issued within 10 years of a first writ of execution, the dormancy statute ceases to exist; that is, the dormancy limitations period only applies to the first and second writs of execution, and that once those are obtained, the judgment will never be dormant and, accordingly, will never need to be revived.

We reject this reading of the statute. It is irrelevant how many times a judgment creditor secures, but is unsuccessful in collecting upon, a writ of execution; each attempt must occur within ten years of the previous attempt, and if it does not the judgment becomes dormant. *See Gartin v. Furgeson*, 144 S.W. 2d 1114, 1115 (Tex. Civ. App. 1940, no writ) (holding that a judgment becomes dormant "after 10 years have expired form the date that the last execution thereon was issued")

(citing *Willis v. Straud*, 3 S.W. 732 (Tex. 1887)). In this respect, the use of the terms "first" and "second" in 34.001(b) are merely illustrative; the time limitations provided apply to any writs of execution, and a judgment stays alive for only ten years after any writ of execution is granted. Accordingly, even assuming that the two 1986 writs of execution, which were subsequently vacated, recommence the ten-year limitations period,[2] that period ended, and the 1985 judgment became dormant, well before the present action was instigated.

We also agree with the district court that this case did not present circumstances sufficient to justify tolling of § 34.001 under TEX. CIV. PRAC. & REM. CODE § 16.063, which provides that:

> The absence from the state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

Muka argues that this provision tolled the ten-year period under § 34.001 from the time Hackney left the state (shortly after judgment was rendered in 1985) until now.[3] However, Hackney is a resident of Florida, not Texas, and "[t]he general rule . . . is that the [tolling statute] does not apply to nonresident defendants." *Jackson v. Speer*, 974 F.2d 676, 679 (5th Cir. 1992); *see also Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W. 2d 716, 722 (Tex.App.) ) San Antonio 1998, pet. denied); *Wyatt v. Lowrance*, 900 S.W. 2d 360, 362 (Tex.App.) ) Houston [14th Dist.] 1995, writ denied).

---

[2]    Hackney argues that the two 1986 writs of execution do not operate to restart the ten-year period because they were subsequently vacated, an act which Hackney asserts is equivalent to a declaration that the original writs of execution never existed. It is unclear under Texas law whether subsequently vacated writs of execution are sufficient under § 34.001(b) to restart the ten-year execution period. However, because this judgment was dormant irrespective of the result, we need not answer this question here.

[3]    Hackney argues that § 16.063 tolling should never apply to the dormancy provisions of §34.001. "Section 16.063 was written and intended to protect domestic creditors from individuals who enter Texas, contract a debt, depart, and then default on the debt." *Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W. 2d 716, 722 (Tex.App.) ) San Antonio 1998, pet. denied). Accordingly, as Hackney argues, the tolling provisions prevent the statute of limitations from running against claims that would be asserted but for the lack of personal jurisdiction over putative defendants outside the state. By contrast, as Hackney points out, in the situation at bar, even though a writ of execution could not have been enforced in Texas against Hackney during the years (1985-present) he was not present in the state of Texas, there was nothing stopping Oakes or Muka from seeking, and obtaining, such a writ. While this argument has some force, since even if § 16.063 applies to § 34.001, tolling is not justified, we need not resolve the question here.

-4-

Accordingly, unless this general rule does not apply here, Muka cannot claim § 16.063 tolling for the period Hackney was outside Texas.

Muka argues that because that the nonresident defendant (Hackney) was present in Texas when the cause of action accrued, this case falls into an exception to the general rule. *See Jackson*, 974 F.2d at 679 ("the tolling provision applies to nonresident defendants who were present in the state when the cause of action accrued"); *Howard*, 900 S.W. 2d at 362 ("[Section]16.063 tolls the statute of limitations if the nonresident was present in Texas at all times pertinent to the litigation."). Muka posits that because Hackney was present in Texas for the trial and when judgment was rendered, this exception applies. However, under Texas law, "a cause of action accrues when a wrongful act causes some legal injury," *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 365 (5th Cir. 2000), not when a judgment is rendered or becomes final. *See also Jackson,* 974 F.2d at 679 ("Generally, a cause of action accrues when facts come into existence which authorize a claimant to seek a judicial remedy."). It is clear that when the events creating the cause of action occurred (i.e. the breach of a contract, or any fraud or misrepresentation), Hackney was in his home state of Florida. Accordingly, this exception to the general rule does not apply, and we find that the 1985 judgment became dormant, at latest, on January 6, 1996, ten years after the final writ of execution was issued by the United States District Court for the Southern District of Florida.

Finally, we agree with the district court that Muka's petition to revive the dormant judgment was untimely. TEX. CIV. PRAC. & REM. CODE § 31.006[4] provides that:

> A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant.

We agree with Muka that, under this provision, an action for judgment can be revived by an action for debt, and, as Muka points out, the statute of limitations on a pure action for debt is four years.[5]

---

[4] Since the judgment in question became dormant after September 1, 1995, the district court correctly applied this amended version of § 31.006. *See FDIC v. Shaid*, 142 F.3d 360, 262 (5th Cir. 1998) (applying this version of § 31.006 to a judgment which became dormant October 10, 1995).

[5] TEX. CIV. PRAC. & REM. CODE §16.051, the "Residual Limitations Period," provides a four-year statute of limitations for all actions for which no express limitations period is provided.

However, the plain meaning of the statute requires attempts to revive a dormant judgment, by whatever method, to be brought within two years of the date the judgment became dormant. As described above, the judgment upon which Muka desires to collect became dormant, at latest, on January 6, 1996. Thus, an attempt to revive the dormant judgment had to be brought before January 8, 1996. Muka filed the present suit November 3, 1998, approximately ten months late.

Accordingly, we agree with the district court that the judgment Muka desires to enforce had become dormant and that the limitations period had run on attempts to revive the judgment before Muka filed the instant suit. We AFFIRM.