In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-359 CV


____________________



DORIS D. HAWKINS, Appellant



V.



GAIL ASHLEY, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 05-04-02954-CV






 MEMORANDUM OPINION 


 Doris Hawkins sued Gail Ashley for personal injuries that Hawkins alleged were
caused by a May 31, 2003, automobile accident. The trial court granted summary judgment
for Ashley based upon her statute of limitations claim. We reverse the trial court's judgment
and remand.

 The record shows that Ashley moved to California in 2004. Hawkins filed her lawsuit
against Ashley on April 1, 2005. Subsequently, Ashley moved for summary judgment and
asserted that she was not served within the two-year limitations period. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003(a) (Vernon Supp. 2006). In response, Hawkins asserted that
she had used diligence in procuring issuance and service of citation and that Ashley's
absence from the State suspended the running of the statute under section 16.063. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.063 (Vernon 1997). Section 16.063 provides: "The
absence from this state of a person against whom a cause of action may be maintained
suspends the running of the applicable statute of limitations for the period of the person's
absence." Id.

 Because Hawkins asserted that Ashley had been absent from the State, Ashley, as the
movant on the motion, bore the burden of conclusively establishing that limitations had
expired despite any suspension periods allowed by section 16.063. See Jennings v. Burgess,
917 S.W.2d 790, 793 (Tex. 1996) (citing Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891
(Tex. 1975)). The summary judgment evidence indicated that Hawkins has lived in
California since 2004. Also, at the hearing on Ashley's motion, her attorney stated, "We will
agree that she left Texas and that she did not leave a forwarding address. I don't think that's
at issue." 

 During periods that a person is absent from the State, the legislature directs that
limitations is suspended. Tex. Civ. Prac. & Rem. Code Ann. § 16.063; see Wyatt v.
Lowrance, 900 S.W.2d 360, 361-62 (Tex. App.-Houston [14th Dist.] 1995, writ denied)
(explaining that section 16.063 applies to a non-resident who was present in Texas when
cause of action arose) (1)
; see also Vaughn v. Deitz, 430 S.W.2d 487, 488, 490 (Tex. 1968)
(applying former tolling statute [article 5537] when defendants, who were Texas residents
at time of accident, moved out of state six months later).

 The hearing reflects that the trial court failed to apply section 16.063. Instead, the trial
court required that Hawkins demonstrate due diligence in locating and serving Ashley during
the period between May 31, 2005 (the date by which the two-year statute would have run),
and the date Ashley was actually served. At the hearing's conclusion, the court stated: "The
facts in this case do not show continuous diligence, and therefore the Motion for Summary
Judgment is granted on the limitations defense." 

 On the pleadings before it, the trial court erred in requiring Hawkins to demonstrate
continuous due diligence during the periods when Ashley was absent from the State. In a
summary judgment proceeding regarding limitations, the burden was on Ashley, the movant,
to conclusively negate Hawkins's contention that the tolling provision suspended the running
of the statute. See Rosenbaum, 520 S.W.2d at 891. Ashley's summary judgment evidence,
which shows that she has lived in California since 2004, does not negate Hawkins's tolling
allegation. 

 Ashley also argues that the statute does not apply in situations where the resident's
move is permanent rather than temporary. Ashley's argument is premised on the tolling
provision's title, "Temporary Absence From State." However, we are not persuaded by
Ashley's argument in light of the Texas cases in which appellate courts agreed that the
provision applied in similar circumstances. See Wyatt, 900 S.W.2d at 361-62; see also
Vaughn, 430 S.W.2d at 490. Further, even if Ashley were correct, her summary judgment
evidence did not prove as a matter of law that she had permanently moved to California. 
Thus, even if the statute applied only to temporary absences, an argument we reject, Ashley
was not entitled to have the trial court grant her summary judgment motion on the record that
was before the trial court.

 We hold that Ashley failed to meet her burden to conclusively negate the applicability
of section 16.063 of the Texas Civil Practice and Remedies Code. As a result, the trial
court's judgment must be reversed. Therefore, we reverse and remand the cause for further
proceedings consistent with this opinion. 

 REVERSED AND REMANDED.

 ____________________________

 HOLLIS HORTON

 Justice

Submitted on March 26, 2007

Opinion Delivered June 7, 2007

Before Gaultney, Kreger, and Horton, JJ.
1. Citing cases decided under article 5537, the prior tolling statute, the Wyatt Court
explained that such cases are instructive because 16.063 was a recodification of article 5537. 
Wyatt v. Lowrance, 900 S.W.2d 360, 361-62 (Tex. App.-Houston [14th Dist.] 1995, writ
denied) (citing, among others, Jackson v. Speer, 974 F.2d 676, 679 (5th Cir. 1992); Wise v.
Anderson, 163 Tex. 608, 611, 359 S.W.2d 876, 879 (1962); Stone v. Phillips, 142 Tex. 216,
219-20, 176 S.W.2d 932, 933-34 (1944); L.F. Wilson & Co. v. Daggett, 88 Tex. 375, 377,
31 S.W. 618, 619 (1895); Ayres v. Henderson, 9 Tex. 539, 541 (1853)).