**CADLES OF GRASSY MEADOWS II, LLC, Appellant,**

v.

**Charles MOORE, Appellee.**

No. 07–3782–bk.

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

Beverly A. Whitley, Bell Nunnally & Martin LLP, Dallas, TX, Steven Paul Giordano (on the brief), Vlock & Associates, P.C., New York, NY, for Appellant.

John P. Di Iorio, Shapiro & Croland, Hackensack, NJ, and Langley, Weinstein & Hamel, LLP, Dallas, TX, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Cadles of Grassy Meadows II, LLC ("Cadles") appeals from an order entered August 17, 2007 by the District Court for the Southern District of New York (Cedarbaum, *J.*) affirming a decision of the Bankruptcy Court for the Southern District of New York (Gerber, *J.*) granting Debtor–Appellee Charles Moore's motion to expunge Cadles' claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. Cadles argues that the bankruptcy judge erred by finding that a Texas tolling provision did not apply to its claim.

"An appeal from a district court's review of a bankruptcy court ruling is subject to plenary review." *In re Halstead Energy Corp.*, 367 F.3d 110, 113 (2d Cir.2004). Findings of fact are accepted unless clearly erroneous, but conclusions of law are reviewed *de novo. Id.* at 114.

On October 23, 2006, 354 B.R. 667, United States Bankruptcy Judge Robert E. Gerber issued a ruling on Moore's motion to expunge and concluded that under Texas law: (1) the judgment against Moore became dormant on December 4, 2001 (ten years after it was issued); (2) Cadles failed to revive the claim within the two-year grace period (*i.e.,* by December 4, 2003); and (3) a tolling provision regarding Moore's temporary absence from the State of Texas did not apply. The bankruptcy court therefore concluded that Cadles' claim had expired and granted Moore's motion to expunge it. The district court affirmed. After conducting our plenary review, we find no error.

A Texas judgment becomes dormant if a creditor fails to enforce the action within ten years. Tex. Civ. Prac. & Rem.Code § 34.001 (1997). Under § 31.006, a dormant judgment may be revived by an action of debt (or scire facias), so long as that revival action is "brought not later than the second anniversary of the date that the judgment becomes dormant." Tex. Civ. Prac. & Rem.Code § 31.006.

The judgment in this case was not enforced within the initial ten-year period pursuant to § 34.001 (December 4, 1991–December 4, 2001), and no revival action was commenced within the two years following dormancy pursuant to § 36.001 (December 4, 2001—December 4, 2003). Absent tolling, Cadles' claim is unenforceable.

Cadles argues that a Texas tolling statute entitled "Temporary Absence From State" serves to toll the two-year period to bring the revival action here:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

Tex. Civ. Prac. & Rem.Code § 16.063. As a general rule, this tolling provision does not apply to nonresidents such as Moore. *Jackson v. Speer,* 974 F.2d 676, 678–79 (5th Cir.1992). There are two exceptions to this general rule: the tolling provision applies nevertheless to nonresidents "who were present in the state when they executed a promissory note or otherwise contracted a debt", and to nonresidents "who were present in the state when the cause of action accrued". *Id.* at 679.

Neither of these exceptions applies to Moore. The first exception is inapplicable because Cadles is not seeking judgment on a promissory note or debt; it already has that. The action Cadles seeks to toll is not that underlying action to collect on Moore's debt, but rather, the action to revive the earlier judgment. The second exception—permitting tolling against nonresidents when the nonresident was present in Texas when the cause of action accrued—does not apply because the cause of action at issue now is the revival action, which accrued in December 2003, and it is undisputed that Moore was not present in Texas in December 2003.

Cadles relies on a number of decisions from the Supreme Court of Texas which can be read—or misread—to cloud the tolling issue. However, we are persuaded by the Fifth Circuit's opinion in *Jackson v. Speer* which harmonizes these Texas opinions. By following *Jackson,* we comply with our own precedent which instructs us to "defer conclusively to another circuit's judgment ... when that court of appeals' decision addressed questions of state law from a state within that circuit." *Desiano v. Warner–Lambert & Co.,* 467 F.3d 85, 90 (2d Cir.2006) (emphasis omitted).

Accordingly, we hereby **AFFIRM** the judgment of the district court.