*707 MEMORANDUM ***
In this case, the latest in a series of suits relating to a failed Moroccan venture, Skidmore Energy, Inc. appeals from the district court’s orders dismissing all defendants.
The bulk of the defendants were dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Because California’s long-arm statute is co-extensive with constitutional minimums, Cal.Civ.Proc.Code § 410.10, we ask only whether sufficient minimum contacts were established. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir.2008).
Most of the events in this case related to and occurred in Morocco. Skidmore itself is a Texas corporation. The major tie to California is a single preliminary meeting that occurred there.
Despite the paucity of California contacts, Skidmore argues that jurisdiction existed because the defendants’ out-of-state conduct had a substantial effect somewhere in the United States. The intentional act, however, was not aimed at California. See Calder v. Jones, 465 U.S. 783, 788-89, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The effects were also not felt in California. Id. Indeed, if the conduct redounded anywhere in this country, it would have been in Texas. A district court there, however, found the effects were insufficient; to the extent Skidmore suggests this conclusion was erroneous, it is appealing to the wrong court.
Effects test aside, Skidmore also contends that personal jurisdiction may be based on the alleged commission of torts by several defendants during the California meeting. Restatement (Second) of Conflicts of Law § 36. But the torts alleged, whether analyzed under California or Texas law, require a showing of justifiable reliance, Jackson v. Speer, 974 F.2d 676, 679 (5th Cir.1992); Magpali v. Farmers Group, Inc., 48 Cal.App.4th 471, 484, 55 Cal.Rptr.2d 225 (1996), and the Complaint demonstrates that any misrepresentations were repudiated prior to the alleged reliance. Since no in-state tort occurred, personal jurisdiction cannot rest on this ground. Moncrief Oil Int’l Inc. v. OAO Gazprom, 481 F.3d 309, 314 (5th Cir.2007).
Skidmore argues that its remaining claim (against Defendant Saoud) was improperly dismissed as untimely. Because the California statute of limitations is shorter, we give the benefit to Skidmore and assume that the Texas four-year statute of limitations applies. Tex. Civ. Prac. & Rem.Code § 16.004. Since this suit was filed in June 2005, the operative date is June 2001. But Saoud’s alleged fraud (introducing Skidmore’s owners to Defendants) occurred prior to 2001. Skidmore defends by arguing that its fraud claim did not accrue until it suffered its final injury, which allegedly occurred in July 2001. But we agree with the district court: the Complaint shows that Skidmore had suffered numerous prior injuries that, when taken together, would have alerted a reasonable person to investigate prior to June 2001.
Skidmore’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.