32   117
29a 333

## G. S. MATTHEWS v. THE STATE.

1—There is no inflexible rule of law established in relation to the admissibility of evidence of good character in defense to criminal prosecutions. Among jurists and elementary writers, however, there is much unanimity of opinion that such evidence ought to be admitted in all cases involving life.

2—But in cases where life is not imperilled, the admissibility of this kind of evidence must be determined by the judge trying the cause, subject to the revision of an appellate tribunal.

3—When the facts have been disclosed, if the point in issue is still left in doubt, the character of a party may become an important element in the investigation; but the indiscriminate admission of evidence of good character in all criminal trials could not fail, in a vast majority of cases, to mislead the jury and swerve them from the line of duty.

4—In the present case, wherein the aggravated assault and battery were proved by direct and positive testimony, the character of the defendant was not relevant to the issue joined between him and the State, and there was no error in excluding evidence of it from the jury.

5—It is not material that the proof omitted to show that the Christian name of the person assaulted was the same as that stated in the indictment. The indictment charged an assault on "Mrs. Louisa M." The record shows that "Mrs. M." testified that she was the party assaulted. *Held*, to be no variance between the allegation and the proof; and that the evidence sufficed to sustain the allegation.

6—A married woman is a competent witness against her husband, to prove an assault by him upon her.

7—The common law, in its application to juries and evidence, is still followed, except where it has been expressly changed by the Code.

THESE are two appeals from the county of Wood, in both of which the appellant had been convicted below for violence to his wife.

Neither the transcripts of the cases nor any briefs in them have reached the hands of the Reporter.

LINDSAY, J.—A verdict and judgment was recovered against the defendant in the court below, upon an indictment for an aggravated assault and battery. Motions were made in arrest of judgment upon the verdict, and for a new trial; upon the overruling of which defendant appealed to this court.

The attention of the court is invoked to the consideration of two points, which are regarded as fatal to the verdict and judgment: that the place where the offence was committed is not set forth in the indictment, so as to give jurisdiction to the court; and that the refusal of the court, upon the trial, to allow the defendant to prove his general character before the jury, was error.

In regard to the question of *venue*, it is sufficient to say, that the indictment was found in Wood county, and that it most explicitly and unequivocally charges, that " on the eighth day of March, 1868, in the county of Wood, in the State of Texas, with force and arms, one Gilbert S. Matthews (the defendant), late of said county, in and upon the body of one Louisa Matthews, did unlawfully make an aggravated assault," etc., going on with the usual *alia enormia* incident to such unlawful acts, and stating the facts which constitute the aggravation. It is not readily conceived how the *venue* could be more distinctly announced and more definitely laid than in this allegation and charge. It seems to the court that the charge is even made with technical precision.

Upon the ruling of the District Court in excluding the introduction of testimony of his character by the defendant, this court can not appreciate the error complained of. This court is aware that there has been much fluctuation of opinion upon the admissibility of testimony of character in criminal

prosecutions.  But the philosophy of the indiscriminate admissibility, in all criminal trials, of such testimony, may well be questioned.  It will neither insure the development of truth, nor promote the attainment of the ends of justice in public trials.  The adventitious influence of an unblemished character upon the minds of a jury, if allowed to be introduced in all trials, whatever might be their concomitants, could not fail, in a vast majority of cases, to warp their understandings and swerve them from the line of duty.  In some cases it certainly ought to be admitted.

There is much unanimity of opinion among jurists and the elementary writers upon the law of evidence, that it ought to be admitted in all cases involving the life of a prisoner.  This is a principle of humanity springing out of the sentiment, that it is better that ninety-nine guilty persons should escape, than that one innocent man should be punished.  But where life is not imperilled, an inflexible rule in favor of the universal admission of such testimony in criminal trials would be most impolitic and unwise.  Such an inflexible rule can find no place in the philosophy of human evidence, nor in such well established precedents as can even make it persuasively authoritative.  Doubtless it is sometimes an instrumentality in the elicitation of truth—the purpose and object of all judicial investigations.  When the facts of a transaction have been disclosed and the point in issue is still left in doubt, the character of the party then becomes an important element in the investigation.  But it is contended that the presiding judge at the trial invades the province of the jury, when he assumes to dictate under what circumstances such testimony may be admitted, and when it may be excluded at the trial, if it be *relevant* to the issue.  The logical force of such a deduction is not felt nor realized.  In turn, it may be interrogatively affirmed, does the presiding judge, who is made the sole arbiter in determining the *relevancy* of testimony to the issue, invade the province of the jury in so determining?  And yet it is conceded that is the special province of the judge.  The truth

the judge, who is necessarily the controlling agent in the machinery instituted by governments for the conduct of public trials, must be guided by his own sound discretion, called into exercise by the peculiar facts developed in the progress of the investigation, in admitting or excluding such testimony, subject alone to the revision of an appellate tribunal, which may rectify any abuses of that discretion. There is no inflexible rule of law established in relation to it. In this case it is the opinion of this court that, in an aggravated assault and battery, proved by direct and positive testimony, the character of the defendant not being *relevant* to the issue, the court used a sound discretion in excluding all testimony about it.

The judgment is affirmed.

LINDSAY, J.—There is no difference in principle between this case and the case of G. S. Matthews v. The State of Texas, No. 3014, from the same county, which has just been decided at this term, except that the Christian name of the injured, though inserted in the indictment, does not appear in the proof. In the indictment and in the proof the surname appears as Mrs. Matthews. This is not such a variance as would warrant a disturbance of the verdict and judgment for that cause, being a witness who deposed on the trial, she, as Mrs. Matthews, stated she was the person upon whom the assault was committed; which responded to the requirements of the charge.

It is urged as an objection to this prosecution that the witness, the party assaulted, being proved to be the wife of the defendant, was an incompetent witness to testify against her husband. It should be recollected that the common law, in its application to juries and evidence, is still followed, except where expressly changed by the Code. By the common law, the wife could always testify against her husband in cases of violence to her own person; it would be an outrage to natural justice if she could not.

Judgment affirmed.