**Lonnie Mack BARTLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08-85-00057-CR.**

Court of Appeals of Texas,
El Paso.

May 8, 1985.

John G. Hyde, Freeman, Hyde & Martin, Midland, for appellant.

Al W. Schorre, Dist. Atty., Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from the denial of habeas corpus relief founded on a claim of double jeopardy. We affirm.

Appellant pled not guilty to a jury to the charge of theft of property, $20,000.00 or more. Tex.Penal Code Ann. art. 31.-03(d)(5)(B) (Vernon Supp.1985). Appellant's motion for an instructed verdict on the basis of a fatal variance was denied. The indictment alleged a 1981 Lancer Mobile Home was stolen. Appellant asserts that some evidence produced at the trial showed that the mobile home was manufactured in 1981 and some showed it as a 1982 product. After eight hours of jury deliberation, the jury announced it was hopelessly deadlocked and the court dismissed it over Appellant's objection. Subsequently, the State reindicted the Appellant. The second indictment did not allege the year of production of the mobile home. The Appellant filed for writ of habeas corpus and also filed a special plea of jeopardy, both of which were denied by the trial court. At the hearing, the Appellant expressly waived any assertion of premature dismissal of the former jury. Tex.Code Crim.Pro. Ann. art. 36.31 (Vernon 1981). Now Appellant only asserts that he was entitled to an instructed verdict as a matter of law in the first trial because of the fatal variance; therefore any subsequent trial would constitute double jeopardy.

The Appellant bases his double jeopardy claim on both federal and state law. Tex. Const. art. I, sec. 14; Tex.Code Crim.Pro.Ann. art. 27.05 (Vernon Pamphlet 1966–1985). The Fifth Amendment double jeopardy clause of the United States Constitution is applicable to the states through the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Special pleas of former prosecution require acquittal, conviction, collateral estoppel, or improper termination in the previous proceeding. Tex.Code Crim.Pro.Ann. art. 27.05 (Vernon Pamphlet 1966–1985); *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970).

Appellant expressly waived any error in the granting of the mistrial. A mistrial usually does not prevent retrial unless bad faith is shown. *Richardson v. United States,* 468 U.S. ——, ——, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242, 249 (1984);

*Garza v. State*, 658 S.W.2d 152, 155 (Tex. Crim.App.1982). The Appellant is raising a variance point which, due to the mistrial, he is precluded from presenting in a direct appeal from the first trial. The record from the first trial is not before this Court therefore the merits of the variance contention cannot be considered.

Under Article 36.33, a cause may be retried when a jury is discharged without rendering a verdict. Tex.Code Crim. Pro.Ann. art. 36.33 (Vernon 1981). The case reverts to its posture before the first trial. *Durrough v. State*, 620 S.W.2d 134 (Tex.Crim.App.1981). Any error relating to the denial of the instructed verdict was nullified by the declaration of a mistrial. Double jeopardy is not present in this case and the reindictment is proper.

The judgment is affirmed.