**The STATE of Texas, Relator,**

**v.**

**Honorable Mike WESTERGREN, Judge, 214th District Court of Nueces County, Texas, Respondent.**

**No. 13–86–010–CV.**

Court of Appeals of Texas, Corpus Christi.

March 20, 1986.

Grant Jones, Bill May, Corpus Christi, for relator.

Mike Westergren, Corpus Christi, Margaret Covington, Aubrey Roberts, Sweetwater, Ray Bass, Bass & Associates, Austin, Douglas Tinker, Tinker, Tor & Brown, C. Gerard Miller, Jr., Corpus Christi, Mark Stevens, Gerald H. Goldstein, Goldstein, Goldstein & Hilley, San Antonio, for respondent.

## OPINION

SEERDEN, Justice.

Relator, through the District Attorney, requests this Court to issue a writ of mandamus requiring the Honorable Mike Westergren, Presiding Judge of the 214th District Court, to vacate a judgment of acquittal entered for the defendant in Cause No. 84–CR–892–F, The State of Texas v. Margaret Covington. After careful consideration, we deny the request.

We first face the question of our jurisdiction to issue such a writ. The TEX. CONST. art. V, § 6, and TEX. GOV'T CODE § 22.221 (Vernon Supp.1986) authorize this Court to issue writs of mandamus in criminal cases. *Wolff v. Thornton,* 670 S.W.2d 764, 765 (Tex.App.—Houston [1st Dist.] 1984). Article V, Section 6, of the Texas Constitution grants the courts of appeals appellate jurisdiction and "such other jurisdiction, original and appellate, as may be prescribed by law."

Section 22.221 of the Government Code (formerly TEX.REV.STAT.ANN. art. 1824) (Vernon 1969) authorizes each court of appeals to issue all writs of mandamus "agreeable to the principles of law regulating those writs against a judge of a district or county court." This jurisdiction was conferred upon the courts of appeals by the Texas Legislature in 1983. Supreme Court and Courts of Appeals—Jurisdiction and Mandamus, ch. 839, § 3, 1983 TEX.GEN. LAWS 4768. Nothing in this act limits the courts of appeals' mandamus jurisdiction to civil cases.

■ Before 1983, the courts of appeals had only limited jurisdiction to issue writs of mandamus. General mandamus jurisdiction was confined to the Supreme Court, TEX. CONST. art. V, § 3, although the Court of Criminal Appeals had been authorized to exercise general mandamus in criminal law matters since 1978. Proposed Constitutional Amendments-Court of Appeals, Senate Joint Resolution No. 18, 1977, TEX.GEN.LAWS 3359. Before 1978, the Supreme Court alone possessed jurisdiction to issue writs of mandamus. With the changes in the Constitution in 1981, the courts of civil appeals gained criminal jurisdiction and were characterized as courts of appeals. The legislation granting the courts of appeals general mandamus jurisdiction in 1983 prescribed that these courts had the jurisdiction to issue writs of mandamus without confining such authority to civil cases. The Courts of Appeals, as courts of both civil and criminal appeals, therefore, are vested with the jurisdiction to issue writs of mandamus in both civil and criminal law matters.

■ A writ of mandamus is an order from a court of competent jurisdiction requiring a person, ordinarily a public official, or an inferior court to perform a duty required by law. The writ will lie to compel a public official to perform a nondiscretionary duty where relator's right to have the duty performed is clear. *Wolters v. Wright,* 623 S.W.2d 301, 304 (Tex.1981); *Gordon v. Blackmon,* 675 S.W.2d 790, 792 (Tex.App.—Corpus Christi 1984). The writ will not lie to compel an official to perform some act unless its performance is clearly imposed upon him by law. *Washington v. McSpadden,* 676 S.W.2d 420, 422 (Tex. Crim.App. 1984). *Greggs v. Faulk,* 343 S.W.2d 543, 545 (Tex.Civ.App.—Fort Worth 1961, no writ).

A recitation of the events preceding the complained-of judgment of acquittal is necessary. Margaret Covington was tried for burglary. She elected to have both the guilt and punishment phases of the trial submitted to a jury. The trial never reached the punishment stage. During the guilt stage of the trial, at the close of the State's case in chief and after both parties rested and closed, defendant presented motions for an instructed verdict. Her primary contention was that the State's case rested on the testimony of Terry Noah, an accomplice as a matter of law, and that there were insufficient corroborating circumstances; therefore, it was alleged, in accordance with TEX.CODE CRIM.PROC. ANN. art. 38.17 (Vernon 1981), the trial court had the duty to instruct the jury to render a verdict of acquittal. The court overruled the motions for instructed verdict and submitted the case to the jury. The jury returned a guilty verdict. Defendant immediately renewed her motion for an instructed verdict of acquittal. Before the State had the opportunity to respond to the motion, the court granted it and ordered the defendant discharged from all further liability.

Article 38.17 provides that "In all cases where, by law, ... one (witness) with corroborating circumstances, are (sic) required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction."

The first two times the motion for instructed verdict was presented, the State argued that it had fulfilled the requirement for corroborating circumstances.

The State does not dispute the power or authority of the court to exercise its judicial discretion and grant the instructed verdict after the State rested or at the close of all the evidence. It also concedes the court may exercise such discretion when considering a defendant's motion for new trial or motion in arrest of judgment. *See* TEX. CODE CRIM.PROC.ANN. arts. 40.01 *et seq.* and 41.01 *et seq.* (Vernon 1981 and Supp.1986.).

It is the State's position that TEX.CODE CRIM.PROC.ANN. art. 36.01, § 8, requires the trial court to proceed with the punishment phase of the trial after a jury has returned a verdict of guilty. It argues that at this time, the court's authority to exercise judicial discretion concerning sufficiency of the evidence was abated by the language of TEX.CODE CRIM.PROC.ANN. art. 36.01, § 8.

If the State is correct in its assertion that the trial court had a ministerial duty to enter judgment on the jury's verdict, mandamus is proper to direct a district judge to enter or set aside a particular judgment when the directed course of action is the only proper course and petitioner has no other adequate remedy. *State ex. rel. Pettit v. Thurmond,* 516 S.W.2d 119, 121 (Tex. 1974); *State ex. rel. Vance v. Routt,* 571 S.W.2d 903, 907 (Tex.Crim.App.1978). If, however, the State is incorrect and the trial court has authority to enter judgment *non obstante veredicto,* the propriety of the trial court's exercise of that power would not be the type of issue subject to review through mandamus. *Fenner v. Brockmoller,* 404 S.W.2d 369, 372 (Tex.Civ.App.—El Paso 1966). Thus, if the trial court possesses this authority, its entry of a judgment n.o.v. is effectively unreviewable because the State is explicitly denied the right to appeal in Texas. TEX.CONST. Art. V, Sec. 26; TEX.CODE CRIM.PROC. ANN. art. 44.01 (Vernon Supp.1986).

Respondent argues that Article 38.17 is silent as to the time at which the trial judge shall instruct a verdict of acquittal and reasons that the court has the power to exercise its judicial discretion in this regard at any time when the court is satisfied that the circumstances contemplated by the rule exist.

It is the responsibility and duty of the trial judge to make rulings on all motions and objections presented during trial, to maintain order, to see that the trial is conducted in the proper sequence and to instruct the jury as to its proper function, the

manner in which it is to conduct its deliberations, and the law applicable to the case. It is the jury's duty to weigh the evidence presented, follow the instructions of the court and render a verdict in accordance with its collective experience, common sense and judgment. When both judge and jury properly perform their tasks, the result is usually not only just, but gains the respect and acceptance of the litigants and the community, which is so necessary for the survival of order in our free society. The existence of this Court and courts of higher level is testimony enough that occasionally both judges and juries fall short of perfect performance in their tasks.

When Judge Westergren granted the instructed verdict of acquittal he admitted, "It should have been granted a long time ago." In discharging the jury he also acknowledged that "The court erred in giving it (the case) to you in the first place. It was not fully aware of that until a time after you received it." Courtesy and proper court procedure would also dictate that prior to making this final ruling, the State should have been permitted to be heard on the matter.

■ Nevertheless, we hold that the trial court had the power and authority to render a judgment of acquittal after the jury verdict of guilty and prior to submitting the question of punishment to the jury.

■ Nothing in Article 38.17 sets a specific time for the court's action. TEX. CODE CRIM.PROC.ANN. art. 36.01 (Vernon 1981), merely sets out the order of proceeding in a criminal jury trial. However, it does not mention when objections or motions of any kind may be made or ruled on. We conclude that a motion for directed verdict properly can be acted on at any time after the State rests.

The Code of Criminal Procedure is silent as to when a motion for instructed verdict may be presented. It has always been the rule that the common law is applicable in all matters not changed by the Code. *Marks v. State*, 164 S.W.2d 690, 691 (Tex. Crim.App.1942); *Matthews v. State* 32 Tex.

117, 120 (1869). TEX.CODE CRIM.PROC. ANN. art. 1.27 (Vernon 1981). While the defendant and the trial court designated the acquittal in terms of an instructed verdict, the action of the trial court was actually in the nature of a judgment *non obstante veredicto*. The entry of such a judgment not on the verdict was authorized under early Texas law. *Hays v. Stone*, 36 Tex. 181, 186 (1871). The Texas Rules of Civil Procedure specifically authorize such a judgment. As stated in *Cline v. Insurance Exchange of Houston*, 154 S.W.2d 491, 493 (Tex.Civ.App.—Galveston 1941) *affirmed*, 140 Tex. 175, 166 S.W.2d 677 (1942):

> In legal contemplation there is no difference between the action of the court in peremptorily instructing a verdict and then rendering judgment on such verdict, and the action of the court in dismissing the jury and rendering judgment. (Cites omitted.) In order to instruct a verdict, or to dismiss a jury and render judgment, the court must find as a matter of law that there is insufficient evidence under the pleadings to raise an issue to go to the jury.

■ Where the trial court has the authority to instruct a verdict for insufficient evidence, a directed verdict is also appropriate. *Hendrix v. Jones-Lake Construction Co.*, 570 S.W.2d 546, 549 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Originally, the court was required to instruct the jury to return a verdict and could not simply discharge the jury and enter judgment. *Kinsey v. Dutton*, 100 S.W.2d 1025, 1028 (Tex.Civ.App.—Ft. Worth 1936, writ dism'd). In modern times the court has simply been permitted to enter the appropriate judgment.

■ The correctness of the trial court's evaluation of the sufficiency of the corroborating evidence is not before us. It was its duty and responsibility to make a determination. Having done so, it entered a judgment of acquittal. We agree with the observation made by the State that a jury verdict should only be set aside after careful and thoughtful consideration of the evidence, applicable law and argument of

counsel. The burden of following this path rests with the trial judge. The burden and responsibility is always heavy and becomes even more onerous in a well-tried, well-publicized case such as the one under consideration. The fact that the State has no right of appeal often adds to this burden. Nevertheless, it is ingrained in our jurisprudence that the State is entitled to but one trial in which to produce sufficient evidence to convict an accused of a particular crime. TEX.CONST. art. V, § 26; TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1986); *State ex Rel. Millsap v. Lozano*, 692 S.W.2d 470, 482 (Tex.Crim. App.1985). Both the Texas and U.S. Constitution ban a second trial once a defendant has been acquitted. U.S. CONST. amend. V; TEX.CONST. art. V, § 26.

In *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), a federal district trial court, while the government was still presenting evidence in its case, directed the jury to return verdicts of acquittal for the defendants because of prosecutorial misconduct and the lack of credibility in the government's witnesses. The government petitioned the Court of Appeals for a writ of mandamus, arguing that the trial court was without power to direct a judgment of acquittal at that time. The government prayed that the judgment of acquittal be vacated and the case reassigned for trial. The Court of Appeals granted relief. *In re United States*, 286 F.2d 556 (1st Cir.1961). The Supreme Court reversed the Court of Appeals, holding that the Double Jeopardy Clause prevented the Court of Appeals from reviewing the verdict without putting the defendant twice in jeopardy. *Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

Later cases make it clear that the Double Jeopardy Clause prevents the overturning of a judgment of acquittal, no matter how erroneous, if further trial is required. *United States v. Scott*, 437 U.S. 82, 92–93 (1978); *Sanabria v. United States*, 437 U.S. 54, 75 (1978).

The Supreme Court further stated in *United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977), that while a trial court may never direct a jury to enter a finding of guilty, "(s)uch a limitation on the role of a trial judge, however, has never inhibited his ruling in favor of a criminal defendant." *U.S. v. Martin* at 573.

In *Hudson v. Louisiana*, 450 U.S. 40, 44–45, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), the Supreme Court held that Louisiana had violated a defendant's rights under the Double Jeopardy Clause by prosecuting him a second time after the trial judge at the first trial had granted his motion for new trial on the ground that the evidence was insufficient to support the jury's verdict. *Ex parte Reynolds*, 588 S.W.2d 900, 904 (Tex.Crim.App.1979); *cf. Chase v. State*, 573 S.W.2d 247, 249 (Tex.Crim.App. 1978).

There is no question that Judge Westergren's judgment was an acquittal in substance as well as form. It is plain that the trial court had the authority to evaluate the State's evidence and make a determination as to its legal sufficiency to sustain the conviction. The proceedings ended with an instructed verdict based on the trial court's determination that the evidence was insufficient. We are precluded from reviewing the trial court's basis for his determination.

Accordingly, the petition for writ of mandamus is DENIED.