**The STATE of Texas, Appellant,**

v.

**Douglas William MEYER, Appellee.**

**No. 13–96–605–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 21, 1997.

Rene Guerra, Dist. & County Atty., Aizar J. Karam, Jr., Asst. Dist. Atty., Theodore C. Hake, Asst. Crim. Dist., Atty., Edinburg, for Appellant.

Charles A. Banker, III, McAllen, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

The State appeals from the trial court's decision to withdraw an order of mistrial, grant an instructed verdict, and enter a judgment of acquittal. By seven points of error, the State contends that the trial court erred in granting the instructed verdict and entering the judgment of acquittal. We reverse the judgment and remand the case to the trial court.

The record reflects that on the afternoon of February 10, 1994, appellee, Douglas William Meyer, was involved in a traffic accident at the intersection of State Highway 107 and Farm to Market Road ("FM") 491 near La Villa, in Hidalgo County, Texas. Highway 107 is divided by a median, and all traffic on FM 491 must stop before entering Highway 107. Appellee had successfully crossed the east-bound lanes of Highway 107 before he collided with Thelma Castillo's car, which was west-bound on the highway. Initially, appellee was ticketed for failing to yield the right-of-way. However, when Castillo died from the injuries caused by the accident, appellee was charged by information with criminally negligent homicide[1] because he allegedly failed to stop at a stop sign before entering the intersection.

The case was tried to a jury in the Hidalgo County Court at Law No. 3. The State did not produce any evidence that appellee actually ran the stop sign before colliding with Castillo's car. However, a driver of a third vehicle, also involved in the accident, testified that she believed this was the only way the accident could have occurred. Testimony from the investigating officers showed that appellee's truck broadsided Castillo's car, which then came to rest approximately thirty feet from the point of impact. When the State rested, appellee moved for an instructed verdict on the single ground that the State had failed to prove that appellee had run the stop sign as alleged in the information. After hearing argument, the trial court denied the motion but stated that, although it believed appellee's position was reasonable, the State had presented evidence on all necessary elements.

Appellee then presented his case. Appellee and his father, a passenger in the truck, testified that they were in a line of traffic stopped on FM 491. Both testified that appellee had stopped before proceeding across the intersection. Appellee testified that his truck was longer than the width of the median. Because he knew that the rear end of his truck extended into one lane of traffic and that it caused a traffic hazard, appellee usually attempted to cross Highway 107 without stopping again at the median. Appellee testified that he stopped at the stop sign and checked the traffic before entering Highway 107. He did not see Castillo's vehicle approach. After presenting his case, appellee rested but did not reurge his motion for an instructed verdict.

The case was then submitted to the jury. After numerous attempts to reach a verdict, the jury informed the trial court that it was deadlocked. The trial court declared a mistrial and discharged the jury on April 24, 1996. The case was set for a new trial on September 9, 1996. However, on September 9, 1996, the State moved for a continuance.

---

**1.** *See* TEX. PENAL CODE ANN § 19.05 (Vernon 1994) (formerly § 19.07 which was amended and renumbered by Act of May 29, 1993, 73rd Leg., R.S., ch 900, § 1.01, 1993 Tex. Gen. Laws 3589, 3617). At the time of the incident at issue, this offense was a Class A misdemeanor.

After hearing argument on the motion, the trial court stated:

> All right. The motion for continuance is granted, [the case] will be reset for pretrial October 30th. . . . I want you to be prepared to discuss—Well, I'll tell you both what I'm interested in is finding out whether I have authority to enter a judgment of acquittal based on the mistrial. You all both be ready to argue that point.

At the October 30th pretrial hearing, appellee's counsel asked that the trial court:

> withdraw its interlocutory entry of mistrial, set aside its prior order involving the mistrial, and I'm moving the Court to—I'm reurging my motion for a directed verdict in this matter.

The State objected, and the trial court heard argument. The trial court then stated:

> Mr. Meyer, I'm going to reconsider the motion for instructed verdict that was originally made in this case, when this case went before a jury. I'm going to grant that motion [and] enter a judgment of acquittal in this case.

On November 12, 1996, the trial court signed a "Judgment of Acquittal Order Granting Directed Verdict." The State challenges the authority of the trial court to enter this judgment. We will limit our review to the nature and propriety of the trial court's actions. We offer no opinion on the sufficiency of the evidence.

By its third point of error, the State contends that the trial court's instructed verdict of acquittal was actually a dismissal of a prosecution without the prosecutor's consent.

We initially note that the trial court's judgment in the instant case appears to have been rendered immediately after the State rested its case. The judgment recites:

> On this day, came on to be heard the Defendant's Motion for Directed Verdict after the State had concluded its testimony.

The State contends that the judgment is not an accurate statement of the procedural facts of this case.

 Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (op. on reh'g). The burden is on the appellant to overcome this presumption. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex.Crim.App.1986).

The record reflects that appellee moved for an instructed verdict after the State rested its case. After hearing argument, the trial court denied the motion. After he rested his case, appellee did not reurge his motion for an instructed verdict. Both sides closed, and the case was submitted to the jury. Because the jury was deadlocked, the trial court declared a mistrial and discharged the jury on April 24, 1996. A new trial date was set for September 9, 1996. However, on September 9th, the State moved for and received a continuance because a witness was unavailable for trial. On October 30, 1996, more than six months after the jury was discharged, the trial court entertained and granted appellee's newly urged motion for an instructed verdict of acquittal. We conclude that the judgment is not an accurate statement of the procedural facts of this case.

Originally, the courts of this state were required to formally instruct the jury to return a verdict and could not simply discharge the jury and enter a judgment. *State v. Westergren*, 707 S.W.2d 260, 263 (Tex.App.—Corpus Christi 1986, no pet.)(citing *Kinsey v. Dutton*, 100 S.W.2d 1025, 1028 (Tex.Civ.App.—Fort Worth 1936, writ dism'd)). In modern times, however, the courts have simply been permitted to enter the appropriate judgment. *Id.*[2]

 After a declaration of mistrial, a case reverts to the posture it had before trial. *Bullard v. State*, 168 Tex.Crim. 627, 331 S.W.2d 222, 223 (App.1960); *Bartley v. State*,

---

**2.** Because the jury never reached a verdict, this case is factually distinct from *State v. Westergren*. In *Westergren*, we held that a trial court could render a judgment *non obstante veredicto* of acquittal after a jury verdict of guilty. *Westergren*, 707 S.W.2d at 263. However, since our opinion in *Westergren*, the Court of Criminal Appeals has held that a trial court does not have the authority to grant a different verdict than that rendered by the jury. *State v. Savage*, 933 S.W.2d 497, 499 (Tex.Crim.App.1996).

692 S.W.2d 540, 542 (Tex.App.—El Paso 1985, pet.ref'd). Although a declaration of mistrial renders a pending trial a nugatory proceeding, the trial court does not lose jurisdiction over the matter. *Rodriguez v. State,* 852 S.W.2d 516, 520 (Tex.Crim.App. 1993). If an indictment still exists, giving the trial court subject-matter and personal jurisdiction, then the trial court has authority to withdraw or rescind the order of mistrial. *Id.* However, the circumstances of the proceedings must be considered to determine whether rescission of the mistrial order is a viable option. *Id.*

In *Rodriguez,* after the trial court made an objectionable comment in the presence of the jury, the trial court granted the defendant's motion for mistrial. However, before the jury was informed of the mistrial and discharged, the court rescinded the order and continued with the trial after instructing the jury to disregard its earlier comments. The defendant appealed, arguing that the trial court lacked authority to rescind a mistrial order. The Texarkana Court of Appeals agreed and reversed the conviction. The Court of Criminal Appeals reversed the court of appeals. Noting that the "order was apparently withdrawn before the jury was discharged and presumably even before the jury was made aware of what exactly had occurred," the Court of Criminal Appeals held that on these facts, the trial court retained its authority to withdraw its order of mistrial. *Rodriguez,* 852 S.W.2d at 520.

Because we believe that withdrawing an order of mistrial and granting an instructed verdict more than six months after the jury has been discharged exceeds the boundaries of judicial propriety, we hold that withdrawing the mistrial order was not a viable option for the trial court.

A court's authority to act is limited to those actions authorized by constitution, statute, or common law. *State v. Johnson,* 821 S.W.2d 609, 613 (Tex.Crim.App.1991). In determining the nature of the trial court's actions, we look to the effect rather than the label applied to the matter by the court or parties. *State v. Evans,* 843 S.W.2d 576, 577 (Tex.Crim.App.1992). We conclude that the trial court's judgment is actually the dismissal of a prosecution.

Generally, a trial court has no authority to dismiss a case unless so requested by the prosecutor. *Johnson,* 821 S.W.2d at 613. There are, however, certain exceptions to that rule. A criminal case can be dismissed without the State's consent when (1) a speedy trial has been denied, (2) the charging instrument is defective, or (3) article 32.01 of the Code of Criminal Procedure has been violated. *Id.* at 612 n. 2. However, none of the exceptions apply in this case.

Having concluded that the trial court's judgment is actually the dismissal of a prosecution, we hold that the State is entitled to appeal under Code of Criminal Procedure article 44.01(a). We hold that the trial court did not have the authority to dismiss the prosecution in this case. Accordingly, we sustain the State's third point of error.

We decline to address the State's remaining points of error because they are not necessary to the disposition of this case. *See* Tex.R.App. P. 90(a).

We reverse the judgment and remand the case to the trial court.