NUMBER
13-04-533-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

THE STATE OF
TEXAS,                                                                   Appellant,

                                                             v.

JOE ANTHONY COOK,                                                                     Appellee.

 

 

                On appeal from the County Court at
Law No. 4

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 

 








Following a jury trial, appellee, Joe Cook, was
found guilty of driving while intoxicated (ADWI@); however, the trial court set aside the jury=s verdict by signing an AOrder on Instructed Verdict (J.N.O.V.).@  Instead, the
trial court found appellee guilty of public intoxication and sentenced him to a
fine of $175.00 plus court costs.  On
appeal, the State raises three issues: 
the trial court had no authority to (1) enter a post-conviction Ainstructed verdict@ in a
criminal case, (2) find appellee guilty of public intoxication, and (3) grant a
new trial.  We reverse and remand.    

I. BACKGROUND

Appellee was pulled over by Officer Yassar Hassan of
the McAllen Police Department for speeding but was ultimately arrested for
driving while intoxicated.  At trial,
Officer Hassan identified appellee as the driver of the vehicle.  Officer Hassan testified that he smelled
alcohol emitting from appellee and the vehicle.  He also noticed that appellee=s balance was unsteady, his speech was slurred, and
his eyes were bloodshot.  Officer Hassan
then administered a nystagmus test.[1]  According to Officer Hassan, appellee failed
five of six clues, which is indicative of intoxication.  Due to appellee having had operations on both
his knees, Officer Hassan did not ask him to perform other field sobriety
tests.  Officer Hassan arrested appellee
for DWI based on (1) the smell of alcohol emitting from the car and appellee,
(2) appellee=s slurred speech and bloodshot eyes, and (3) the
results of the nystagmus test.  Appellee
was transported to jail where he refused to provide a breath sample to police.








Officer Carlos Rodriguez testified that he arrived
at the scene in order to assist Officer Hassan. 
At trial, he also identified appellee as the driver of the vehicle.  Officer Rodriguez noticed that appellee had
bloodshot eyes, smelled of alcohol, and slurred his speech.  He also saw that appellee=s balance was unsteady as he exited the
vehicle.  Based on what he observed,
Officer Rodriguez testified that he too would not have released appellee. 

Officer Ricardo Guzman, an intoxilyzer operator,
testified that he observed appellee at the jail; appellee had alcohol on his
breath, bloodshot eyes, and refused to provide a breath sample.  Based on his twenty years= experience as a police officer during which time he
arrested several hundred people for DWI, Officer Guzman believed appellee was
intoxicated.  

Marsha Cook, appellee=s
wife, testified that appellee had only one beer during dinner and was not
intoxicated; otherwise, she would have driven home.  Marsha also stated that appellee had knee
surgery eight weeks prior to his arrest. 
Appellee was prescribed Vicodin and Vioxx, which he was supposed to take
every four hours.  Appellee was allegedly
not under the influence of either drug at the time of his arrest; however,
Marsha testified that she did not know the last time appellee had taken his medication.  

Following the trial, the jury unanimously found
appellee guilty of DWI.  The verdict was
read into the record, the jury was discharged, and sentencing was set for a
later date.          Appellee then filed a motion for instructed verdict, arguing
that the State failed to prove all the elements of the offense, specifically,
that the State Aproduced no evidence regarding [appellee=s] condition while driving nor did they ever
identify [appellee] as driving the vehicle during the pursuit.@       








At the sentencing hearing, appellee asked the court
for an instructed verdict of not guilty, or, in the alternative, a conviction
of a lesser included offense such as public intoxication.  The State responded that the trial court had
no authority to grant the instructed verdict. 


After this hearing, the trial court signed an order
on instructed verdict whereby appellee was adjudged not guilty of DWI, and in
the alternative, the trial court adjudged appellee guilty of public
intoxication and fined him $175.00 plus costs. 

II. JURISDICTION

As a threshold issue, appellee contends that this
Court lacks jurisdiction to review the trial court=s granting of an instructed verdict.  The State argues that this Court has
jurisdiction over this appeal under article 44.01 of the Texas Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. art.
44.01(a)(2) (Vernon Supp. 2005).[2]  Our duty is to construe article 44.01(a)(2)
according to its plain textual meaning unless it is ambiguous or unless
construing it according to its plain textual meaning will lead to "absurd
consequences."  See Jordan v.
State, 36 S.W.3d 871, 873 (Tex. Crim. App. 2001); Boykin v. State,
818 S.W.2d 782, 785 (Tex. Crim. App. 1991). 
The "plain" language of Article 44.01(a)(2) is unambiguous,
and it clearly allows the State to appeal from a trial court's order that
reduces a defendant=s sentence.  State
v. Gutierrez, 129 S.W.3d 113, 114 (Tex. Crim. App. 2004).  








In this case, the trial court=s order effectively modified the jury verdict from
guilty of DWI to not guilty of DWI; therefore, we have jurisdiction to review
the trial court=s granting of the instructed verdict.   

III. INSTRUCTED VERDICT   

By its first issue and third issues, the State
contends that the trial court had no authority to enter a post-conviction
instructed verdict in a criminal trial. 
More specifically, the State argues, 
the trial court failed to abide by the jury=s guilty verdict.[3]  

A. Applicable Law

AA trial court may not receive a verdict . . . and
enter another and different judgment from that called for by the verdict.@  State v.
Savage, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (citing Combes
v. State, 286 S.W.2d 949, 950 (Tex. Crim. App. 1956)); see State v.
Meyer, 953 S.W.2d 822, 824 n.2 (Tex. App.BCorpus
Christi 1997, no pet).  When the jury
agrees upon a verdict, it shall be brought into court by the proper officer;
and if it states that it has agreed, the verdict shall be read aloud by the
judge, the foreman, or the clerk.  Tex. Code Crim. Proc. Ann. art. 37.04
(Vernon Supp. 2005).  If in proper form
and no juror dissents therefrom, and neither party requests a poll of the jury,
the verdict shall be entered upon the minutes of the court.  Id. 
On a verdict of guilty, the proper judgment must be entered
immediately.  See id. art.
37.12.  A trial court=s judgment must reflect the verdict of the jury in a
jury trial.  See id. art. 42.01 ' 1(7).    

     B.
Analysis








In this case, the trial court received the jury=s verdict of guilty of DWI, read it into the record,
discharged the jury, and set a date for the punishment hearing.  By finding appellee guilty of public intoxication
and not guilty of DWI, the trial court=s judgment failed to reflect the jury=s verdict. The trial court thus erred by entering
the instructed verdict of public intoxication, which served as both a
functional acquittal and grant of a new trial.  
See Savage, 933 S.W.2d at 499. 
We sustain the State=s first and third issues. 

IV. LESSER-INCLUDED OFFENSE

By its second issue, the State contends that the
trial court had no authority to find appellee guilty of public
intoxication.  More specifically, the
State argues that public intoxication is not a lesser-included offense of DWI.

A person commits an offense of driving while
intoxicated if the person is intoxicated while operating a motor vehicle in a
public place.  Tex. Pen. Code Ann. ' 49.04(a) (Vernon Supp. 2005).  A person is intoxicated if he does not have
normal use of his mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination of two
or more of those substances, or any other substance into the body.  See id. '
49.01(2)(A).  A person commits the
offense of public intoxication if he appears in a public place while
intoxicated to the degree that the person may endanger the person or
another.  Id. ' 49.02(a).  An
offense of public intoxication is not a lesser-included offense of DWI.  Id. '
49.02(d); see Strong v. State, 87 S.W.3d 206, 217-18 (Tex. App.BDallas 2002, pet. ref=d).  








The trial court had no authority to find appellee
guilty of public intoxication because, by statute, this offense is not a
lesser-included offense of DWI.  See
Strong, 87 S.W.3d at 217-18. 
Furthermore, as the offense of public intoxication was not included in
the indictment, the trial court could not find appellee guilty of this
offense.  See Tex. Code Crim. Proc. Ann. arts. 21.02,
21.11 (Vernon 1989); see also Reed v. State, 117 S.W.3d 260, 265 (Tex.
Crim. App. 2003).  We sustain the State=s second issue.

V. CONCLUSION

We reverse the trial court's order and remand to the
trial court with instructions to enter a judgment of conviction in accordance
with the jury verdict and to proceed with sentencing.  

 

 

                                           

Rogelio Valdez,

Chief Justice

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
19th day of January, 2006.











[1] This is one of three procedures
that make up the Standardized Field Sobriety Test (ASFST@). 
ANystagmus@ means an involuntary jerking of
the eyes.  During the test, an officer
observes the eyes of a suspect as the suspect follows a slowly moving object
such as a pen or small flashlight, horizontally with his eyes.  The examiner looks for three indicators of
impairment in each eye:  (1) whether the
eye can follow a moving object Asmoothly,@ (2) if jerking is distinct when the eye is at maximum
deviation, and (3) if the angle of onset of jerking is within 45 degrees of
center.  See generally  Emerson v. State, 880 S.W.2d 759, 763‑770
(Tex. Crim. App. 1994).

  





[2] The State is entitled to appeal an
order in a criminal action if the order arrests or modifies a judgment.  Tex.
Code Crim. Proc. Ann. art. 44.01(a)(2) (Vernon Supp. 2005).





[3]The State argues the trial court=s actions had the effect of both
granting a JNOV and a motion for new trial. 
The trial court is without power to grant a JNOV in a criminal
proceeding.  See State v. Savage,
933 S.W.2d 497, 499 (Tex. Crim. App. 1996).  
However, when an order is the functional equivalent of granting a motion
for new trial, the reviewing court can look past the label assigned to the
order by the trial court and treat the order as a motion for new trial.  See id.  Therefore, the State had the right to appeal
the trial court's JNOV ruling as the functional equivalent of an order granting
a new trial for insufficient evidence.  See
id.  We will accordingly review the
effect of the trial court=s actions under the standard
outlined in State v. Savage.