COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | | No. 08-09-00253-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court Number One |
| WILLIAM KIRKPATRICK, JR., | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20080D04797) |
| | § | |

**O P I N I O N**

The State of Texas, Appellant, appeals the trial court's grant of Appellee's motion for directed verdict. We reverse and remand.

**BACKGROUND**

Appellee was indicted for possession with intent to deliver cocaine (Count I) and possession of marijuana (Count II). Appellee proceeded to trial with his co-defendant, Steven Brown. After the State rested its case, the trial court overruled Appellee's motion for a directed verdict. Appellee rested his case but never reurged his motion for directed verdict. Thereafter, the case was submitted to the jury.

After commencing its deliberations, the jury issued a note informing the trial court that it had reached verdicts as to Brown, but was unable to unanimously reach verdicts regarding Appellee. After deliberating further, the jury advised the trial court that it was deadlocked on the counts relating to Appellee. Although the trial court delivered an *Allen* charge instructing the jury to continue its deliberations, the jury failed to reach a unanimous verdict on either count pertaining to Appellee. *Allen v. United States*, 164 U.S. 492, 501, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896). The

trial court thereafter granted Appellee's motion for mistrial and received the jury's verdict as to Brown.

After discharging the jury, the trial court and parties proceeded to another courtroom. There, the trial court *sua sponte* stated, "[T]he court's been thinking about [Appellee's case] and the Court is going to reconsider it's ruling on the motion for a directed verdict by the defense. And it's going to go ahead and grant that at this time." The trial court then entered a written "Order for Directed Verdict" which stated:

> After the conclusion of the State's Case in Chief the Defendant, [Appellee], made [a] Motion for Directed Verdict. The Court FOUND that the State had failed to prove the essential elements of the offenses alleged against [Appellee].
> Therefore, it is ORDERED, ADJUDGED and DECREED that a directed verdict is GRANTED in favor of [Appellee] and that [Appellee] be found not-guilty of the offenses charged herein.[1]

## DISCUSSION

### *Issue*

In a single issue, the State contends the trial court erred when it *sua sponte* granted Appellee's motion for directed verdict after it had both granted Appellee's motion for mistrial and had discharged the jury. Because the jury had been discharged, the State argues that the trial court was without authority to withdraw its previous grant of mistrial as requested by Appellee. The State argues that the trial court's mistrial declaration reverted Appellee's case to its pretrial posture and that its subsequent grant of the directed verdict had the effect of dismissing the State's prosecution of Appellee's case without the State's consent. Because the mistrial was granted at Appellee's request, the State asserts Appellee's double-jeopardy protections were not implicated and, for all these reasons, the State contends the trial court's order for a directed verdict was a nullity. We

---

[1] A judgment is the written declaration of the court signed by the trial judge and entered of record showing the defendant's conviction or acquittal. TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West 2006).

sustain the State's issue.

*Jurisdiction and State's Ability to Appeal Order for Directed Verdict*

Appellee contends the State failed to preserve error by objecting to the trial court's entry of a directed verdict and argues that this Court is without jurisdiction to consider the State's appeal. However, the State is entitled to appeal from any trial court order, short of an acquittal, concerning an indictment or information whenever the order effectively terminates the prosecution in favor of the defendant, and it may do so regardless of how the trial court characterizes its order.[2] TEX. CODE CRIM. PROC. ANN. art. 44.01(West 2006); *State v. Moreno*, 807 S.W.2d 327, 332 n.6. (Tex. Crim. App. 1991). In addition, the Court of Criminal Appeals has held that the Courts of Appeals have jurisdiction to address the merits of an appeal from such order. *Moreno*, 807 S.W.2d at 332.

Typically, we indulge a presumption of regularity in support of a judgment and find that a recitation of acquittal within a judgment is sufficient to establish an acquittal in fact. *Ex parte George*, 913 S.W.2d 523, 526 (Tex. Crim. App. 1995); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g) (recitals within a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary). Appellant bears the burden of overcoming this presumption. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).

Here, the record does not support the recitals in the trial court's order for directed verdict. While the trial court's order gives the appearance that it immediately granted a directed verdict upon Appellee's request, this is not an accurate reflection of the facts. *See State v. Meyer*, 953 S.W.2d 822, 824 (Tex. App. – Corpus Christi 1997, no pet.) (trial court's judgment granting defendant's motion for directed verdict was not entered immediately as recited in the judgment but was entered

---

[2] Because the record shows that the State of Texas timely filed its notice of appeal, there is no jurisdictional bar upon this basis. TEX. CODE CRIM. PROC. ANN. art. 44.01(d) (West 2006).

six months after the trial court originally denied the motion, granted a mistrial, and discharged the jury; therefore, the judgment granting directed verdict did not contain an accurate statement of the procedural facts). Nor is the trial court's recital that it had found that the State had failed to prove the essential elements of the charged offenses supported by the record. Instead, the record demonstrates that the trial court immediately overruled Appellee's motion for directed verdict without making any findings. Appellee never reurged his directed-verdict motion but, instead, moved for a mistrial. The trial court then granted Appellee's motion for mistrial and discharged the jury. For these reasons, we conclude that the trial court's order for directed verdict is not an accurate statement of the procedural facts in this case. *See Meyer*, 953 S.W.2d at 824. We therefore do not indulge a presumption of regularity in support of the directed verdict judgment and we find that the recitation of acquittal within the trial court's judgment is insufficient to establish an acquittal in fact. *See Ex parte George*, 913 S.W.2d at 526.

The trial court's directed-verdict order attempted to discharge Appellee from further prosecution by: (1) finding that the State failed to prove the essential elements of the charged offenses; and (2) finding Appellee "not guilty" of those offenses. Thus, the order was one concerning the indictment and it effectively terminated the State's prosecution in favor of Appellee. However, for reasons addressed hereafter, we find the trial court's order did not constitute an acquittal of Appellee.[3] As a result, the State is entitled to appeal the trial court's "Order for Directed

---

[3] When an order constitutes an acquittal, the State may not appeal it, even if erroneously entered. *State v. Stanley*, 201 S.W.3d 754, 759 (Tex. Crim. App. 2006); *Moreno*, 807 S.W.2d at 332 n.6. According to the United States Supreme Court, "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" *United States v. Scott,* 437 U.S. 82, 97, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), *quoting United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). The Texas Court of Criminal Appeals has observed that the context in which the term "acquittal" appears throughout the Code of Criminal Procedure "creates a powerful inference that it means a finding of fact that the accused is not guilty of the criminal offense with which he is charged." *Ex parte George*, 913 S.W.2d at 527. The court also indicated that an order purports to resolve some or all of the factual elements of the offense that a defendant is alleged to have committed if

Verdict," and we possess jurisdiction to address the State's appeal of that order. TEX. CODE CRIM. PROC. ANN. art. 44.01(West 2006); *Moreno*, 807 S.W.2d at 332 n.6; *see State v. Eaves*, 800 S.W.2d 220, 224 (Tex. Crim. App. 1990) (trial court's ruling terminated criminal action and effectively discharged defendant from further prosecution, thereby rendering the court's order appealable by the State).

## Discharge of Jury Before Directed Verdict

In this case, the trial court's discharge of the jury derailed its attempt to direct a verdict. When the trial court discharged the jury, it had already granted a mistrial and had not implicitly or otherwise rescinded its mistrial order. "The defining feature of a mistrial is that the order contemplates further prosecution." *State v. Moreno*, 294 S.W.3d 594, 601 (Tex. Crim. App. 2009). An order granting a mistrial that is not subsequently withdrawn has the effect of nullifying all proceedings to that point. *Rodriguez v. State*, 852 S.W.2d 516, 520 (Tex. Crim. App. 1993); *Carrasco v. State*, 122 S.W.3d 366, 367-68 (Tex. App. – El Paso 2003, pet. granted) (a declaration of mistrial renders a pending trial a nugatory proceeding), *citing Bullard v. State*, 168 Tex. Crim. 627, 629, 331 S.W.2d 222, 223 (1960) ("After a mistrial, the case stands as it did before the mistrial.").

While a declaration of mistrial renders a pending trial nugatory, this does not mean that the trial court thereafter loses jurisdiction. *Rodriguez*, 852 S.W.2d at 520. Instead, a trial court retains its authority to withdraw an order of mistrial before a jury is discharged. *Id.* ("That an order granting a mistrial that is *not* subsequently withdrawn does indeed have the effect of nullifying all proceedings to that point does *not* mean the trial court may not rescind that order, and continue with

it recites that the defendant has been found not guilty, that the State's evidence did not meet the standard of proof beyond a reasonable doubt, or that the State's proof as to any specific factual element necessary to conviction was lacking. *Stanley*, 201 S.W.3d at 760.

the trial, so long as that remains a viable option under the circumstances.") (emphasis in original); *Montemayor v. State*, 55 S.W.3d 78, 88 (Tex. App. – Austin 2001, pet. refused) (trial court's grant of mistrial was implicitly withdrawn where jury had not been discharged and trial court thereafter directed jury to continue deliberations); *Meyer*, 953 S.W.2d at 825 (the circumstances of the proceedings must be considered to determine whether rescission of a mistrial order is a viable option but where a jury has been discharged, withdrawal of mistrial order is not a viable option). Here, the pivotal event which barred the trial court's entry of a directed verdict was its discharge of the jury. The trial court never withdrew its order of mistrial before discharging the jury. As a consequence, the trial court's non-rescinded declaration of mistrial nullified all proceedings to that point. *Rodriguez*, 852 S.W.2d at 520; *Carrasco*, 122 S.W.3d at 367-68; *Meyer*, 953 S.W.2d at 825. For these reasons, we find that: (1) the trial court erred when it directed a verdict after discharging the jury; and (2) the trial court's order of directed verdict did not constitute an acquittal of Appellee.

## *Double Jeopardy*

Appellee contends that the State's appeal should be dismissed because jeopardy had attached, thus barring his retrial under the Double Jeopardy Clause.[4] U.S. CONST. amend. V, XIV, § 1; TEX. CONST. art. I, § 10. However, before double-jeopardy protections are implicated, two conditions must be met. *Martin Linen Supply Co.*, 430 U.S. at 569; *Moreno*, 294 S.W.3d at 597. First, the accused must actually be placed in jeopardy. *Martin Linen Supply Co.*, 430 U.S. at 569; *Moreno*, 294 S.W.3d at 597. In a state or federal jury trial, jeopardy attaches when the jury is empaneled and sworn. *Martin Linen Supply Co.*, 430 U.S. at 569; *Moreno*, 294 S.W.3d at 597. In a Texas bench trial, jeopardy attaches when the defendant pleads to the charging instrument. *Ortiz v. State*, 933

---

[4] "[A] defendant once acquitted may not be again subjected to trial without violating the Double Jeopardy Clause." *U.S. v. Scott*, 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978).

S.W.2d 102, 105 (Tex. Crim. App. 1996). Here, after the trial court declared a mistrial, no jury was empaneled or sworn and Appellee did not thereafter plead to the charging instrument. Second, the State's appeal must threaten the defendant with impermissible successive prosecutions. *Martin Linen Supply Co.*, 430 U.S. at 569. But when a defendant is responsible for the second prosecution, as in seeking a mistrial, the double-jeopardy clause is not offended. *Moreno*, 294 S.W.3d at 601, *citing U.S. v. Scott*, 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978). For the foregoing reasons, and because Appellee requested the mistrial in this case, thereby rendering Appellee responsible for his second prosecution, we find his double-jeopardy rights have not been violated. *Moreno*, 294 S.W.3d at 601. The State's issue is sustained.

## CONCLUSION

The trial court's order granting Appellee's motion for directed verdict is reversed and the case is remanded for trial.

GUADALUPE RIVERA, Justice

April 6, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)